(80 South. 673)

No. 22997.

In re LE BOURGEOIS.

(Jan. 6, 1919. Rehearing Denied Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. INSANE PERSONS ⬬65—DONATION—SUBSTITUTION AS BENEFICIARY OF LIFE POLICIES—STATUTES.

An interdicted insane wife's husband as her curator could not make for her, pursuant to the recommendation of a family meeting, a donation to his children by substituting them as beneficiaries under life insurance policies on his life of which the insane wife was beneficiary; she being herself incapable to make a donation under Civ. Code, art. 1475, while under article 415 it could not be made for her.

2. APPEAL AND ERROR ⬬150(1)—APPEALABLE INTEREST—INSURANCE COMPANIES—CHANGE OF BENEFICIARIES.

Insurance companies which had issued policies on husband's life had interest to appeal from judgment ordering substitution of his five children as beneficiaries under life policies of which his insane wife was beneficiary.

3. INSURANCE ⬬585(3)—TRANSFER OF BENEFICIAL INTEREST IN LIFE POLICY—RIGHT OF CURATOR HUSBAND.

A husband, curator of his insane wife, seeking substitution of children in her place as beneficiaries under a policy on his life, impliedly affirms the wife's ownership of the beneficial interest, and cannot rely to secure the substitution on the claim that the original transfer of the beneficial interest from his estate to the wife on their marriage was a revocable donation.

4. INSURANCE ⬬586—IRREVOCABLE DONATIONS TO WIFE—LIFE POLICIES.

Life policies taken out by a husband in favor of his wife after their marriage were not revocable donations.

5. INSANE PERSONS ⬬61—CONVEYANCES—CONSIDERATION—PERFORMANCE OF NATURAL OBLIGATION.

The discharge of a natural obligation, as the obligation of children to furnish to their insane mother things and attentions which no officer or servant at a public asylum would render her, cannot serve as a consideration for a transfer by her to them.

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; W. Schofield Rownd, Judge.

In the matter of Leonie Le Bourgeois, interdicted as insane. On rule to show cause, taken by Octave Le Bourgeois, her husband and curator, on the undercurator and the Mutual Life Insurance Company and Union Central Life Insurance Company, why the proceedings of a family meeting recommending the substitution of his children for his insane wife as beneficiaries under life policies should not be homologated, the rule was made absolute, and the insurance companies appeal. Judgment annulled, and rule dismissed.

Bolivar E. Kemp, of Amite, and Denegre, Leovy & Chaffe, of New Orleans, for appellant Mutual Life Ins. Co.

Hall, Monroe & Lemann, of New Orleans (Walter J. Suthon, Jr., of New Orleans, of counsel), for appellant Union Cent. Life Ins. Co. of Cincinnati.

Clay Elliott, of Amite, for appellee Le Bourgeois.

PROVOSTY, J. Before his marriage, Mr. Octave Le Bourgeois took out a policy of insurance on his life payable to himself, his executors, administrators, or assigns. After his marriage, he caused this policy to be made payable to his wife with no reserve to himself of right to make any change; and he took out two other policies payable to her, with no reserve of right on his part to change the beneficiary. All this he did purely as gratuities to his wife. She thereafter became insane, and has been so for 15 years, and is now an inmate of the state insane asylum at Jackson, supposedly incurable. Recently, desiring to have the five children of the marriage substituted for his wife as beneficiaries, he caused her to be interdicted, and himself to be appointed her curator, and provoked the holding of a family meeting for advising whether this change should be made. The family meeting so recommended and the present proceeding is a rule taken by him on the undercurator and the insurance compa-

nies to show cause why the proceedings of this family meeting should not be homologated, and judgment rendered ordering the said change to be made. The court made the rule absolute, and the present appeal is by the insurance companies.

[1] These policies are thus ordered transferred from the wife to her children without any consideration moving to her, purely as a gratuity, or donation. Very evidently she herself could not make the donation, since one must be of sound mind to make a donation (C. C. 1475); and it cannot be made for her, since "the person interdicted is, in every respect, like the minor, * * * both as respects his person and estate" (C. C. 415), and no one would dream, we imagine, of the tutor of a minor undertaking to dispose of the minor's property by donation even though authorized thereto by the court on the advice of a family meeting.

[2] Suggestion is made that the insurance companies are mere stakeholders, without appealable interest. But the said judgment and any transfers made by virtue of it could be annulled at any time at the suit of the curator of the interdict, or of the interdict herself should she recover her reason, and these companies if they made payment to the children might be required to pay a second time to the interdict. They therefore have an interest.

It is also suggested that the transfer of the first policy to the wife is null because it was a gratuitous donation, and was not made in the form prescribed by law for donations. Succession of Miller v. Manhattan Ins. Co., 110 La. 652, 34 South. 723. But the present proceeding is not aimed at having the said nullity declared. There is no prayer to that effect. On the contrary, the policy is treated as belonging to the wife, and having to be transferred from her to the children.

[3, 4] It is also said that the husband may revoke the transfer, since it was a donation from husband to wife. Perhaps so; but the husband has not yet made, and is not now making, the revocation, but is asking that a transfer be ordered made from his wife to the children, thereby impliedly affirming the ownership of the wife. And besides, as to the two policies taken out in favor of the wife after the marriage, they were not revocable donations. Succession of Desforges, 135 La. 49, 64 South. 978, 52 L. R. A. (N. S.) 689.

[5] It is said further that this transfer to the children is an onerous donation, because the mother may some day "be dependent on the children for things and attentions which no officer or servant at the asylum will think to do for her." Counsel have here gone far afield for discovering a consideration for this transfer. If ever these children happen to come to the aid of their mother in that way, their doing so will be nothing more than the discharge of a natural obligation, and the discharge of a natural obligation cannot serve as a consideration.

The judgment appealed from is annulled, and the rule is dismissed; the plaintiff in rule to pay all costs.