GAUDIN, Judge.
This is an appeal by Mrs. Elfriede Lege, against whom a default judgment in the amount of $276,411.52 was rendered in the 24th Judicial District Court. Mrs. Lege was sued by Ronald Jules, who alleged injuries as a result of being attacked on October 14, 1988 by a dog owned by Mrs. Lege.
Mrs. Lege was served with the petition but she did not respond. A preliminary default was entered on May 1, 1990; judgment was rendered on February 14, 1991, following a hearing in open court.
A petition for nullity of the judgment under LSA-C.C.P. art. 2001 and subsequent articles was filed by Mrs. Lege. This was met by Jules’ motion for summary judgment, which was granted dismissing the petition for nullity.
For the following reasons, we (1) reverse the judgment granting summary dismissal of the petition for nullity, (2) nullify and set aside the judgment rendered on February 14,1991 and (3) remand to the district court for further proceedings.
Art. 2001 says that final judgments may be nullified for vices of form or substance. Art. 2002 states, in pertinent part, that a final judgment shall be annulled if it is rendered against a defendant “... against whom a valid judgment by default has not been taken ...”
At the hearing on February 14, 1991, the only witness was Jules, a mailman. He said that “... the dog bit me from behind, driving me into a wall. He had me pinned up beside the wall and the only thing I could do was stand there. And he bit the magazine out of my arm, causing my upper extremity to go all kinds of ways.” The dog, Jules said, belonged to Mr. Lege, not Mrs. Elfriede Lege. The preliminary default was entered against “Elfriede Lege” but the final judgment dated February 14, 1991 does not mention any dog-owner or defendant.
Jules further testified that his back, shoulder and hand were hurt and that he went to Ocshner Clinic on October 17, 1988, three days after the incident. The dog did not bite Jules.
During Jules’ testimony, various documents and medical records were submitted with evidence. None of the reports was notarized or sworn to, in apparent violation of LSA-C.C.P. art. 1702(D), which reads:
“When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.”
In Charia v. Mungoven, 550 So.2d 939 (La.App. 5 Cir.1989), this Court required strict compliance with Art. 1702 when defaults are confirmed. The Court said at page 941:
“In order to be entitled to a default judgment, certain procedural requirements must be met by plaintiff as provided in LSA-C.C.P. art. 1701 et seq.”
See also Peel v. Ray, 572 So.2d 739 (La.App. 4 Cir.1990), in which a default proceeding, which included an award for personal injuries, was voided because of insufficient proof. The petitioner did not offer either the treating physician’s personal testimony or a sworn narrative report.
Appellee’s testimony here was not supported by competent, statutorily sufficient medical evidence. On remand he will have the opportunity to produce such evidence.
MOTION FOR SUMMARY JUDGMENT REVERSED; JUDGMENT OF DEFAULT SET ASIDE; REMANDED.