713 So.2d 1179 (1998)
Michael NICKENS, Plaintiff/Appellee,
v.
PATRIOT HOME SYSTEMS, Defendant/Appellant.
No. 97 CA 0291.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*1180 Michael Nickens, Baton Rouge, Plaintiff/Appellee, in pro per.
Leslie M. Koch, Baton Rouge, for Defendant/Appellant Patriot Home Systems.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Ad Hoc.
CARTER, Judge.
This is an appeal from a judgment against Patriot Home Systems awarding workers' compensation claimant, Michael Nickens (Nickens), temporary total disability benefits, medical expenses, penalties, and mileage. The judgment was rendered after Patriot Home Systems failed to timely answer the petition and claimant confirmed a default judgment against it.

FACTS AND PROCEDURAL HISTORY[2]
Nickens was employed by Patriot Home Systems as a siding installer. On May 24, 1996, Nickens fell off a scaffold-like structure and sustained a fracture-dislocation of his right ankle. Nickens was taken to the Medical Center of Baton Rouge where he was treated by Dr. Andrew Kucharchuk. He also saw Dr. Kucharchuk for several follow-up visits.
At the time of his accident, Nickens was paid $6.00 per hour. According to the records submitted into evidence, Dr. Kucharchuk indicated Nickens was disabled and could not return to work until the week of August 19-23. Nickens' own testimony revealed that once he was released by Dr. Kucharchuk, he found another job within a week.
Nickens filed a disputed claim for compensation on June 25, 1996, and an amended claim on August 7, 1996, naming Patriot Home Systems as a defendant. The record indicates Patriot Home Systems was served on August 27, 1996. Patriot Home Systems did not answer the suit, and Nickens obtained a preliminary default on September 12, 1996.
On September 20, 1996, a hearing was held to confirm the preliminary default against Patriot Home Systems. The medical bills introduced at trial indicated that the following amounts had not been paid:

 Medical Center of Baton Rouge .... $2,866.00
 Diagnostic Radiology Consultants ... 230.00
 Southeastern Orthopedics........... 1,954.00
 (Dr. Kucharchuk)

*1181 Nickens also testified he paid his prescription bills which totaled $35.98, bringing his total medical expenses to $5,085.98.
The workers' compensation judge awarded Nickens temporary total disability (TTD) benefits from May 24, 1996, until August 19, 1996, at the rate of $132.00 per week, totaling $1,630.60, plus interest from the date of the award; $5,050.33 plus interest from the date of the award for medical expenses; $14.04 plus interest from the date of the award for mileage reimbursement; $63.76 plus interest for medical prescriptions; $2,000 plus interest from date of award for Patriot Home System's failure to pay medical expenses; $2,000 plus interest from date of the award for penalties for defendant's failure to pay indemnity benefits; $2,000 penalties plus interest for failure to pay mileage reimbursements; $20.80 penalties for mileage to and from Office of Workers' Compensation to attend mediation in the case set for September 4, 1996, plus interest from date of award; and $250.00 in penalties awarded to the Office of Workers' Compensation for Patriot Home System's failure to appear at the mediation.
Patriot Home Systems filed this appeal asserting the following assignments of error:
1. The [workers' compensation judge] manifestly erred in rendering judgment by default, as there is no proper proof of service in the record;
2. The plaintiff failed to present a prima facie case sufficient to warrant judgment by default for workers' compensation benefits;
3. The [workers' compensation judge] manifestly erred in accepting plaintiff's medical documentation as evidence, as it was unsworn and uncertified and thus failed to meet evidentiary requirements;
4. The [workers' compensation judge] manifestly erred in awarding penalties, since the plaintiff did not prove a prima facie case entitling him to workers' compensation benefits of any nature;
5. Assuming arguendo that plaintiff proved his prima facie case for workers' compensation benefits and that penalties were applicable, which defendant-appellant denies, the penalties for indemnity benefits and medical expenses were improperly and erroneously calculated by the hearing officer;
6. The hearing officer manifestly erred in awarding a penalty for unpaid mileage, as this is not authorized by statute;
7. The [workers' compensation judge] manifestly erred in awarding a penalty for unpaid medical expenses, since there was no proof the employer ever received written notice of the medical bills, as required by statute; and
8. The [workers' compensation judge] manifestly erred in fining the employer for failure to attend the mediation conference, when there is no proof the employer ever received notice of the mediation.

DISCUSSION
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702; Holloway v. Gulf Motors, Inc., 588 So.2d 1322, 1326 (La.App. 2nd Cir.1991). A "prima facie case" is established when the plaintiff proves the essential allegations of its petition, with competent evidence, to the same extent as if the allegations had been specifically denied. Howard v. A & M Construction Company, 93-1013, p. 9 (La.App. 1st Cir. 4/29/94); 637 So.2d 575, 580.
LSA-R.S. 23:1316.1 provides:
A. A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. A prima facie case shall include but not be limited to proof of the following:
1) The employee's average weekly wage.
2) The existence of an employer-employee relationship at the time of the work-related accident.
3) The occurrence of an accident arising out of and the course of the employment, or the existence of an occupational disease.

*1182 4) Entitlement to benefits under the provisions of this Chapter.
C. Medical evidence shall include oral testimony, or a sworn narrative report from all treating and all examining health care providers. All other evidence may be presented by sworn affidavit.
The record contains a transcript of the hearing held on September 20, 1996, before the workers' compensation judge. The only evidence introduced at the hearing was the testimony of Nickens and his mother, Debra Pearson, and the following exhibits: 1) a report from Dr. Kucharchuk dated May 31, 1996; 2) a note from Dr. Kucharchuk dated June 12, 1996; 3) a referral from physical therapy dated July 17, 1996; 4) prescription receipts; 5) medical bills; and 6) a mileage report.
We note Nickens' testimony clearly established his average weekly wage, his employment with Patriot Home Systems and the fact that he was injured during the course and scope of his employment. However, we find Nickens has failed to establish he was entitled to the workers' compensation benefits. Specifically, the medical evidence presented by Nickens was not oral testimony from his treating physician, nor was it in the form of a sworn narrative report. This type of proof is in direct violation of LSA-C.C.P. art. 23:1316.1 C. Therefore, we find Nickens' testimony was not supported by competent, statutorily sufficient medical evidence.
In Jules v. Lege, 618 So.2d 1121 (La.App. 5th Cir.), writ denied, 629 So.2d 344 (La. 1993); Peel v. Ray, 572 So.2d 739 (La.App. 4th Cir.1990); and Charia v. Mungoven, 550 So.2d 939 (La.App. 5th Cir.1989), courts have held there is no entitlement to a default judgment absent strict compliance with procedural requirements. These cases involved LSA-C.C.P. art. 1701 et seq. Although the case sub judice involves LSA-R.S. 23:1316.1, we find the holdings in favor of strict compliance with procedural requirements when confirming a default judgment are applicable.

CONCLUSION
Because Nickens has not complied with the requirement of LSA-R.S. 23:1316.1 in presenting statutorily sufficient medical evidence, we set aside the judgment of the workers' compensation judge and remand this matter for further proceedings. This remand makes moot a discussion of other assignments of error raised by Patriot Home Systems. All costs of the appeal are assessed one-half to plaintiff and one-half to defendant.
JUDGMENT SET ASIDE AND CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] This court previously remanded this matter in Nickens v. Patriot Home Systems, 97-0291 (La. App. 1st Cir. 2/20/98); 708 So.2d 1184, for supplementation of the record with proof of service of the petition on Patriot Home Systems, the motion for preliminary default, all documentation regarding mediation conferences and notices thereof, and proof of service on Jimmy Selzer of the insurance order from the Office of Workers' Compensation. The record has been supplemented as ordered.