795 So.2d 506 (2001)
Wilson Joseph DAVIS, Sr.
v.
PETROLEUM CLUB OF LAFAYETTE.
No. 01-0142.
Court of Appeal of Louisiana, Third Circuit.
September 19, 2001.
*507 Harry K. Burdette, The Glenn Armentor Law Corporation, Lafayette, LA, Counsel for Plaintiff/Appellee Wilson Joseph Davis, Sr.
Philip E. Roberts, Roy, Bivens, Judice & Henke, Lafayette, LA, Counsel for Defendant/Appellant The Petroleum Club.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD and JIMMIE C. PETERS, Judges.
*508 COOKS, Judge.
The plaintiff, Wilson Davis, was employed as a dishwasher at the Petroleum Club. According to Davis, on November 20, 1999, as he attempted to pick up a large pot of gumbo, he heard a pop in his neck and felt instantaneous pain in his neck and down his arms. Davis stated he told his supervisors about what happened and they informed him they would take care of it. He was not told to fill out an accident report by his supervisors. At the time of this incident, Davis was a fifty-seven year old male, who was illiterate and had worked for the Petroleum Club for approximately ten years.
Davis testified despite the pain, he continued to work, until he finally sought medical attention on January 26, 2000, at University Medical Center (UMC) in Lafayette. He complained of pain in his neck and arms, numbness in his neck and burning sensations. He subsequently was treated by Dr. Luiz DeAraujo, who diagnosed Davis as suffering from a disc herniation at the C5-6 level with associated nerve damage. Davis underwent an anterior cervical microdiscectomy and fusion at C5-6. Because Davis suffered substantial nerve damage, he eventually was required to undergo an ulnar nerve transposition on both the left and right arm. According to Dr. DeAraujo, Davis was rendered totally disabled as a result of his injuries.
Davis requested indemnity benefits and payment of medical expenses from the Petroleum Club. Davis was told to pay for the medical expenses with his personal health insurance card and the Petroleum Club refused to pay him indemnity benefits. Davis filed a Disputed Claim for Compensation on August 29, 2000. A mediation conference was held at which a representative of the Petroleum Club was in attendance. Service of Process was accepted by J.B. Frost, a supervisor at the Petroleum Club. When no answer was received from the Petroleum Club, a preliminary default was granted on October 30, 2000. A default confirmation hearing was held on November 15, 2000. At the hearing, Davis testified regarding the accident and the events that followed, and copies of the pertinent medical records were introduced. The workers' compensation judge found Davis' testimony credible and in accord with the medical records. Davis was awarded temporary total disability benefits from January 31, 2000, until he is released to return to work. Davis was also awarded his medical expenses, as well as $2,000.00 in penalties and an additional penalty of 12% of all medical bills incurred and not paid directly by the employer. Lastly, Davis was awarded $3,000 in attorney fees. When the Petroleum Club was served with a copy of the default judgment, it filed a suspensive appeal asserting the following assignments of error:
1. The workers' compensation judge erred by admitting into evidence at the default judgment confirmation hearing uncertified and unsworn record of Dr. Luiz C. DeAraujo.
2. The workers' compensation judge erred in finding that plaintiff suffered an injury while in the course and scope of his employment at the Petroleum Club of Lafayette.
3. The workers' compensation judge erred in awarding weekly benefits for total disability.
4. The workers' compensation judge erred in awarding the plaintiff medical benefits or in the alternative, erred in the amount of medical benefits awarded.
5. The workers' compensation judge erred in ordering the employer to pay penalties and attorney fees.

*509 STANDARD OF REVIEW
An appellate court should not disturb the findings of a workers' compensation judge unless they are clearly wrong or manifestly erroneous. Winch v. Double M, Inc., 99-1793 (La.App. 3 Cir. 4/5/00); 764 So.2d 1055. The appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was a reasonable one, after reviewing the record in its entirety. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).

1. Work-Related Injury.
At the hearing, Davis testified he injured himself on November 20, 1999, lifting a large pot of gumbo while working for the appellant. The Petroleum Club, in brief, concedes the incident occurred. Davis testified he experienced instant pain, but continued working despite the pain. His condition continued to deteriorate until he was forced to seek medical attention. As noted, he was initially treated at UMC when he appeared complaining of pain in his neck and arms, numbness in his neck and burning sensations. Eventually, he was treated by Dr. Luiz DeAraujo, who found Davis suffered from a herniated disc at the C5-6 level. Davis endured three separate surgical procedures to repair the injuries he sustained.
Appellant contends there is no medical evidence to support a connection between the incident described by Davis and his subsequent complaints and diagnosed medical injuries. Specifically, appellant notes when Davis initially appeared at UMC, he denied suffering trauma or injury to his neck.
Davis is illiterate. His counsel explains he did not understand the questions asked of him by the hospital's staff. The workers' compensation judge listened to Davis' testimony and examined the medical records presented. She found Davis' version of the events was credible.
Davis had been an employee of the Petroleum Club for approximately ten years with no medical problems until the incident in question. A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition. Lucas v. Insurance Co. of North America, 342 So.2d 591 (La. 1977); Winch v. Double M, Inc., 99-1793 (La.App. 3 Cir. 4/5/00); 764 So.2d 1055. The Petroleum Club does not assert that the judge improperly admitted and considered UMC's medical records. The records from UMC revealed Davis complained of pain in his neck and arms, numbness in his neck and burning sensations. He complained on a February 16, 2000 visit to UMC that he had been suffering pain for about three months. This coincides with the date of the incident in question, November 20, 1999. The hospital records indicated Davis suffered from cervical myelopathy, weakness and sensory deficits, and the medical record of March 10, 2000, stated that Davis needed neurosurgery. Davis initially began treating with Dr. DeAraujo on March 6, 2000. These records, along with Davis' testimony sufficiently establish he sustained a job-related accident and injury; and we will not disturb the workers' compensation judge's ruling on this issue.
Appellant also contends the workers' compensation judge erred by admitting into evidence, at the default judgment confirmation hearing, uncertified and unsworn *510 records of Dr. Luiz C. DeAraujo. The law governing medical evidence which is admissible at a hearing for confirmation of a default judgment is found in La.R.S. 23:1316.1(C), which provides:
C. Medical evidence shall include oral testimony, or a sworn narrative report from all treating and all examining health care providers. All other evidence may be presented by sworn affidavit.
Specifically, appellant contends the reports of Dr. DeAraujo were neither oral nor sworn; and, thus in violation of La.R.S. 23:1316.1(C). See Nickens v. Patriot Home Systems, 97-291 (La.App. 1 Cir. 6/29/98); 713 So.2d 1179.
Our supreme court in Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98); 708 So.2d 375, has recognized that under the relaxed evidentiary standards in workers' compensation cases, hearsay evidence may be admitted in a contested trial. The supreme court in Chaisson stated:
To give effect to the more relaxed evidentiary standards in LSA-RS 23:1317, we hold that the hearing officer has the discretion to admit hearsay evidence in worker's compensation proceedings. We further hold that such evidence can qualify as "competent evidence," provided that the evidence has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. This determination must be made on a case-by-case basis under the particular facts and circumstances. The reviewing court must evaluate the competency of the evidence under the manifest error standard.
Id, at 382.
That being the rule in contested cases, it follows the rule extends to confirmation proceedings. We find no merit in appellant's request that we not include these records in our review of this appeal. In any event, even were we to find Dr. DeAraujo's records were improperly admitted, the competent evidence remaining convinces us the workers' compensation judge did not err in finding the claimant suffered a compensable work-related injury.

3. Medical Expenses.
Appellant argues, however, Davis was not entitled to medical benefits or in the alternative was not entitled to the amount of medical expenses awarded. The workers' compensation judge held the medical treatment rendered to Davis was a direct result of the work-related accident he suffered. We find no error in this conclusion.
Appellant also contends it is entitled to a fifty percent credit of any medical payments made by Davis' health insurer, whose premium was paid partially by the Petroleum Club. In support of this argument, appellant cites La.R.S. 23:1212.[1] This court in Alford v. Acadian Ambulance Service, Inc., 96-639 (La.App. 3 Cir. 11/6/96); 682 So.2d 942, held the extinguishment of a claim against the employer or insurer under La.R.S. 23:1212 is not a *511 self-operative provision. In order for an employer or insurer to avail himself of the credit for payment, it must set forth the extinguishment of the claim as an affirmative defense and must prove the amount paid by submitting evidence at trial. See also Gentile v. Baton Rouge General Medical Center, 95-0348 (La.App. 1 Cir. 11/9/95); 665 So.2d 422. Since appellant did not make any appearance below, it clearly did not set forth an affirmative defense and cannot be given a fifty percent credit for payments made by the health insurer.

4. Penalties and Attorney's Fees.
Appellant contends penalties and attorney's fees are not appropriate in this case because it reasonably controverted Davis' claim for benefits. Appellant did not pay any indemnity benefits or medical benefits during the pendency of this claim. Appellant also made no appearance before the Office of Workers' Compensation, nor did it even answer the claim. The workers' compensation judge properly determined that appellant's behavior was arbitrary and capricious, and the award of penalties and attorney's fees is affirmed.

DECREE
For the forgoing reasons, we affirm the judgment of the Office of Workers' Compensation. All costs of this appeal are assessed to Defendant Appellant.
AFFIRMED.
NOTES
[1] La.R.S. 23:1212 provides:

Payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, of medical expenses that are owed under this Chapter shall extinguish the claim against the employer or insurer for those medical expenses. This Section shall not be regarded as a violation of R.S. 23:1163. If the employee or the employee's spouse actually pay premiums for health insurance, either as direct payments or as itemized deductions from their salaries, then this offset will only apply in the same percentage, if any, that the employer of the employee or the employer of his spouse paid the health insurance premiums.