814 So.2d 693 (2002)
Todd ROGERS
v.
CUSTOM BUILT GARAGE and Louisiana Workers' Compensation Corporation.
No. 2001 CA 0356.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*694 Christopher Schwartz, Metairie, for Plaintiff/Appellee Todd Rogers.
Debra Talbot Parker, Baton Rouge, for Defendant/Appellant Custom Built Garage and Louisiana Workers' Compensation Corporation.
Before: FITZSIMMONS, DOWNING and LANIER,[1] JJ.
DOWNING, J.
Custom Built Garage and the Louisiana Worker's Compensation Corporation (LWCC) filed this appeal challenging a judgment entered by default in favor of Todd Rogers awarding him total temporary disability benefits, attorney fees, penalties and costs. For the following reasons, we reverse the judgment of the workers' compensation court and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Todd Rogers[2] was hired by Custom Built Garage and he alleged that he was injured on his first day of employment when a piece of a framing hammer sheared off and flew into his eye. He further alleged that he notified his supervisor of the injury that day. He sought medical treatment and eventually underwent a surgical procedure to have the foreign object removed from his eye.
Mr. Rogers filed a "Disputed Claim for Compensation" seeking workers' compensation benefits from Custom Built Garage. After Custom Built Garage could not be served by ordinary means, Mr. Rogers had it served through the appointment of a private process server. Apparently, Custom Built Garage never answered the claim and never informed the LWCC of the claim against them.
After due time, Mr. Rogers had a default entered against Custom Built Garage. After a hearing on the default, the workers' compensation court entered a judgment confirming the default and ordering the payment of benefits for temporary total disability, attorney fees, sanctions and costs.
At some point the LWCC learned of the judgment. The LWCC and Custom Built Garage filed this appeal[3] asserting *695 three assignments of error: 1) the trial court granted the default judgment based on Mr. Rogers' fraudulent statements; 2) this court should nullify the judgment in this matter because of Mr. Rogers' fraudulent misrepresentations; and 3) Mr. Rogers should forfeit his benefits because they were obtained through false statements and multiple misrepresentations in violation of La. R.S. 23:1208.

LWCC'S APPEAL
An appellate court must render its judgment based on the record on appeal and cannot consider evidence that is not part of the record. J. Ray McDermott, Inc. v. Morrison, 96-2337, pp. 7-8 (La. App. 1 Cir. 11/7/97), 705 So.2d 195, 201. The record before us contains no evidence of the fraud, misrepresentations or false statements alleged as the primary basis for this appeal. We cannot consider these claims until they are properly before us.
LWCC, however, does raise on its appeal the question of whether the workers' compensation court erred in granting the default judgment. We consider this issue and we find merit in this allegation of error.
Louisiana Revised Statute 23:1316.1 governs the confirmation of judgments by default in workers' compensation cases. This statute provides as follows:
A. A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. A prima facie case shall include but not be limited to proof of the following:
(1) The employee's average weekly wage.
(2) The existence of an employer-employee relationship at the time of the work-related accident.
(3) The occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease.
(4) Entitlement to benefits under the provisions of this Chapter.
C. Medical evidence shall include oral testimony, or a sworn narrative report from all treating and all examining health care providers. All other evidence may be presented by sworn affidavit.
It appears to us that Mr. Rogers has generally complied with the provisions of La. R.S. 23:1316.1 B. However, the medical evidence in the record is insufficient under La. R.S. 23:1316.1 C to prove Mr. Rogers' entitlement to judgment by default. The medical evidence introduced consisted of a letter from a treating physician, a doctor's statement on a prescription form stating Mr. Rogers is unable to work, and Mr. Rogers' testimony.
In Nickens v. Patriot Home Systems, 97-291, pp. 4-5 (La.App. 1 Cir. 6/29/98), 713 So.2d 1179, 1182, this court concluded that the claimant failed to establish he was entitled to the workers' compensation benefits where the medical evidence presented was not oral testimony from his treating physician and was not in the form of a sworn narrative report. The Nickens court concluded that the same type proof as offered here by Mr. Rogers was in direct violation of La. R.S. 23:1316.1 C and found the claimant's testimony unsupported by competent, statutorily sufficient medical evidence. Id. In support of their *696 conclusion, the Nickens court observed the principle that there is no entitlement to a default judgment absent strict compliance with procedural requirements. Nickens, 97-291 at p. 5, 713 So.2d at 1182.
Accordingly, since the medical evidence submitted by Mr. Rogers in support of the confirmation of his judgment by default does not strictly comply with the requirements of La. R.S. 23:1316.1 C, we must reverse the judgment of the trial court and remand for further proceedings.

CONCLUSION
We find merit in LWCC's appeal. We further note that the judgment appealed herein is fatally defective because it does not render a judgment against a named defendant. Scott v. State, 525 So.2d 689 (La.App. 1 Cir.1988), writ denied, 558 So.2d 1128 (La.1990).
REVERSED, JUDGMENT SET ASIDE, CASE REMANDED FOR FURTHER PROCEEDINGS.
LANIER, J., concurs in the result and assigns reasons.
FITZSIMMONS, J., agrees with the opinion and assigns additional reasons.
LANIER, J., concurs in the result and assigns reasons.
Under the particular facts and circumstances of this case, pursuant to La. C.C.P. art. 2164, Rogers should be ordered to make LWCC a party defendant within a time certain after this case is returned to the trial court on the remand.
FITZSIMMONS, J., agrees with the opinion and assigns additional reasons.
I agree with the opinion. Although the employer did not comply with La. R.S. 23:1310.5 C, I agree that Louisiana Workers' Compensation Corporation had the right to appeal.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Mr. Rogers was an inmate in the custody of the Louisiana Department of Public Safety and Corrections when he was hired through a work release program.
[3] Louisiana Code of Civil Procedure art. 2086 allows any person who could have intervened to appeal. See also Parker v. Depriest, 94-0513, pp. 13-14 (La.App. 1 Cir.12/21/95), 666 So.2d 433, 441 and cases cited therein. While the LWCC was not a named party in the litigation below, it is allowed to appeal here because, as Custom Built Garage's insurer, it is an aggrieved party that could have intervened in the action below. An insurer that could be liable for all or part of a judgment has a sufficient independent interest in an action to appeal. See Andrus v. Police Jury of the Parish of Lafayette, 266 So.2d 535 (La. App. 3 Cir.1972) and In re Le Bourgeois, 144 La. 501, 80 So. 673 (1919), among others.