BROWN, Chief Judge.
1 ¶ Defendant, Finance America of Louisiana, has appealed from the WCJ’s April 24, 2012, order confirming a default judgment and awarding benefits and penalties to claimant, Cheryl Nickerson. Defendant’s argument on appeal is that the WCJ erred in confirming a default based upon insufficient evidence to constitute a prima facie case and in awarding wage benefits and penalty wages to claimant, as the evidence established that claimant received her wages in full during her period of disability. We reverse that portion of the WCJ’s judgment awarding indemnity benefits and penalties based upon defendant’s failure to pay indemnity benefits.

Facts and Procedural Background

Claimant, Cheryl Nickerson, worked as a district manager for defendant, Finance America of Louisiana. While attending a meeting at the corporate office in Baton Rouge, Louisiana, on October 20, 2011, she fell on some uneven pavement and sustained injuries. Claimant did not work during the period of October 20 — December 5, 2011. She filed a Disputed Claim for Compensation on November 30, 2011.
Defendant was served with claimant’s petition on December 12, 2011. Claimant filed a Request for Preliminary Default on January 4, 2012. No answer was filed, and the preliminary default was granted. Thereafter, a hearing for confirmation of the default was held on March 19, 2012. The WCJ rendered judgment in open court the same day, finding that:
-Claimant was an employee of defendant and was injured while in the course and scope of her employment with defendant on October 20, 2011.
-As a result of the accident, claimant sustained injuries to her right ankle and left knee.
| ¾-CIaimant is entitled to temporary total disability benefits for the period of Octo *1218 ber 20 — December 5, 2011, at the rate of $333.35 per week.
-All related medical and pharmacy expenses are to be paid by defendant.
-Claimant is to be reimbursed for any out-of-pocket expenses incurred as a result of the accident.
-Defendant was aware of the work-related injuries sustained by claimant and failed to present a reasonable basis for the denial of her medical treatment.
-Defendant’s actions are thus arbitrary and capricious.
-A $2,000 penalty for failure to pay indemnity benefits to claimant was assessed, as was an additional $2,000 for failure to approve medical treatment on claimant’s behalf.
-Costs were assessed against defendant.
It is from this judgment that defendant, Finance America of Louisiana, has appealed.

Discussion

On appeal, defendant contends that the WCJ erred in confirming the default judgment and awarding claimant indemnity benefits and penalties for nonpayment because she failed to establish a prima facie case of her entitlement thereto.
A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C. C. P. art. 1702; Nickens v. Patriot Home Systems, 97-0291 (La.App.1st Cir.06/29/98), 713 So.2d 1179. A prima facie case is established when the claimant proves the essential allegations of her petition, with competent evidence, to the same extent as if the allegations had been specifically | ¡¡denied. Nickens, supra. If no answer is filed, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. La. R.S. 23:1316.1(A); Horne v. Lowe’s Home Improvement, 35,683 (La.App.2d Cir.02/27/02), 810 So.2d 1235. A prima facie case shall include but not be limited to proof of the employee’s average weekly wage; the existence of an employer-employee relationship at the time of the work-related accident; the occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease; and entitlement to benefits under the provisions of this Chapter. La. R.S. 23:1316.1(B). (Emphasis added).
An employer is entitled to credit for wages paid to an injured worker against compensation benefits due when wages are unearned because they are considered to be in lieu of compensation. Keyes v. Rockwood Ins. Co., 502 So.2d 223 (La.App. 3d Cir.1987). See also Bartholomew v. Ourso & Co., 234 So.2d 448 (La.App. 1st Cir.1970); Carpenter v. Employers Mutual Liability Ins. Co. of Wisconsin, 178 So.2d 486 (La.App. 1st Cir.1965). Wages in lieu of compensation are defined as unearned wages paid to an employee after an injury. Feyerabend v. Boomtown Casino, 08-807 (La.App.5th Cir.02/25/09), 9 So.3d 228. Generally, the payment of unearned wages during disability is treated as workers’ compensation. Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (La.1972); Reeves v. Reeves Dirt Pit, 606 So.2d 881 (La.App. 2d Cir.1992).
The only part of claimant’s case that defendant disputes is her entitlement to weekly benefits. Defendant points out that at the March 9, |42012, default confir *1219 mation hearing, claimant testified that she received her regular salary in full during the period of October 20 — December 5, 2011, and that she did not work at all during that time period. The wages paid to claimant by defendant amounted to more per week than the compensation benefits which became due between those dates. These wages were clearly not earned by claimant, but were in lieu of compensation. Therefore, claimant was not entitled to an award of weekly indemnity benefits in addition to her weekly salary, and the WCJ erred in making this award. See Ausberry v. Ouachita Fertilizer Co., 38,883 (La.App.2d Cir.09/22/04), 882 So.2d 666, writ denied, 04-2600 (La.12/17/04), 888 So.2d 873; Pender v. National Fire and Marine Ins. Co., 255 So.2d 95 (La.App. 3d Cir.1971), writ denied, 260 La. 132, 255 So.2d 355 (La.1971). We will likewise reverse the WCJ’s $2,000 penalty for nonpayment of weekly benefits inasmuch as defendant’s continued payment to claimant of her regular salary fulfilled the employer’s weekly compensation obligation to claimant. Therefore, the refusal to pay weekly indemnity benefits in addition to claimant’s weekly salary was not arbitrary and capricious.

Conclusion

For the reasons set forth above, that portion of the WCJ’s judgment awarding claimant weekly indemnity benefits and a $2,000 penalty for non-payment of said benefits is REVERSED. In all other respects, the WCJ’s judgment is AFFIRMED. Costs of this appeal are to be assessed to defendant-appellant, Finance America of Louisiana.
MOORE, J., concurs with written reasons.