STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-132

DEBRA WHITE

VERSUS

WIS INTERNATIONAL

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 16-05483
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.

**REVERSED AND REMANDED.**

W. Jay Luneau
Robert L. Beck, III
Luneau & Beck, LLC
5208 Jackson Street Extension, Suite A
Alexandria, Louisiana 71303
(318) 445-6581
Counsel for Plaintiff/Appellee:
    Debra White

**Eric J. Waltner**
**Corey Meaux**
**Allen & Gooch**
**Post Office Box 81129**
**Lafayette, Louisiana  70598-1129**
**(337) 291-1400**
**Counsel for Defendant/Appellant:**
  **Washington Inventory Service Inc. (erroneously listed as WIS International)**

**KEATY, Judge.**

The employer, Washington Inventory Service Inc. (WIS),[1] appeals an October 26, 2016 judgment rendered by the workers' compensation judge (WCJ) in favor of its former employee, Debra White, awarding her indemnity benefits, plus a penalty and attorney fees after a confirmation of default hearing. White answers the appeal seeking an award of additional attorney fees for having to defend this appeal. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On May 28, 2016, White tripped and fell over security rail tracks that were left on the floor of an Office Depot she was entering to perform inventorying services as part of her employment with WIS. By check dated August 8, 2016, White began receiving Temporary Total Disability Benefits (TTDs) retroactive to July 27, 2016, which benefits WIS continues to pay her to the present time. White filed a Form 1008 Disputed Claim for Compensation (1008) against WIS on August 31, 2016, alleging that she sustained injuries to her knees, upper and lower back, neck, and left shoulder in the May 28, 2016 accident and seeking an award of indemnity benefits from that date, plus penalties and attorney fees. She wrote "unknown" in the sections of the 1008 asking for her "Average Weekly Wage" and "Workers' Compensation Rate." WIS failed to answer the complaint, and the WCJ entered a preliminary default against it on September 27, 2016. After an October 24, 2016 evidentiary hearing, the WCJ rendered judgment declaring that White suffered disabling injuries in an on-the-job accident on May 28, 2016, awarding her TTDs in the amount of $164.30 per week beginning the day after the accident,

---

[1] In its appellate brief, counsel for appellant noted that the record erroneously lists Washington Inventory Service Inc. as "WIS International."

subject to a credit for all indemnity benefits paid by WIS since July 27, 2016. White was also awarded a $2,000.00 penalty for WIS's failure to pay indemnity benefits and $6,000.00 in attorney fees.

WIS filed a motion for new trial, which White opposed. Following a hearing, the WCJ denied WIS's motion for new trial, and this appeal followed.[2] In a single assignment of error, WIC asserts that the WCJ erred in finding that White "proved her prima facie case and in granting the default judgment awarding indemnity benefits between the date of the accident and July 27, 2016[,] and in awarding penalties and attorney's fees." As mentioned previously, White answered the appeal to request an award of additional attorney fees for the work necessitated to defend the judgment rendered in her favor.

## DISCUSSION

The second circuit discussed the law applicable to appellate review of a confirmation of a default judgment in a workers' compensation case in *Nickerson v. Finance America of Louisiana*, 47,876, pp. 2-3 (La.App. 2 Cir. 2/27/13), 110 So.3d 1216, 1218, wherein it held:

> A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C. C. P. art. 1702; *Nickens v. Patriot Home Systems,* 97-0291 (La.App.1st Cir.06/29/98), 713 So.2d 1179. A prima facie case is established when the claimant proves the essential allegations of her petition, with competent evidence, to the same extent as if the allegations had been specifically denied. *Nickens, supra.*

The legislature set out the requirements for rendition of a default judgment in a workers' compensation matter in La.R.S. 23:1316.1,[3] which provides:

---

[2] No transcript from the hearing on WIS's motion for new trial appears in the record.

[3] Note: La.R.S. 23:1316.1 was amended by 2017 La. Acts No. 419, § 3, and according to the 2017 comments to the statute, the amendments were "intended to be stylistic only." For

A.  A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case.  If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.

B. A prima facie case shall include but not be limited to proof of the following:

1) The employee's average weekly wage.

2) The existence of an employer-employee relationship at the time of the work-related accident.

3) The occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease.

4) Entitlement to benefits under the provisions of this Chapter.

C. Medical evidence shall include oral testimony or certified medical records from all treating and all examining health care providers.  All other evidence may be presented by sworn affidavit.

"In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. This determination is a factual one governed by the manifest error standard of review." *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818 (citations omitted).  "[T]here is no entitlement to a default judgment absent strict compliance with [the] procedural requirements" found in La.R.S. 23:1316.1.  *Nickens v. Patriot Home Sys.,* 97-291, p. 5 (La.App. 1 Cir. 6/29/98), 713 So.2d 1179, 1182.

Louisiana Revised Statutes 23:1221(1)(c) provides that "compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-

purposes of this opinion we cite the version of the statute that existed when the default judgment was rendered.

3

employment[.]" "To satisfy the burden of proving, by clear and convincing evidence, his physical inability to engage in any employment, [a claimant is] required to introduce *objective medical evidence of his disabling condition*." *Jackson v. Domtar Indus., Inc.*, 98-1335, pp. 6-7 (La.App. 3 Cir. 4/7/99), 732 So.2d 733, 738 (emphasis added), *writ denied,* 99-1369 (La. 7/2/99), 747 So.2d 21. "Thus, the claimant must provide objective, expert testimony as to their medical condition, symptoms, pain, and treatment, in addition to personal testimony, in order to fulfill this standard." *Alexander v. Autozone, Inc.*, 04-871, p. 6 (La.App. 3 Cir. 12/8/04), 889 So.2d 366, 372. Once an employee has proved her entitlement to indemnity benefits, the amount of benefits owed by her employer is determined according to the formulas set out in La.R.S. 23:1021 which dictate how her average weekly wage is to be calculated.

### *WIS's Appeal*

White was the only witness to testify at the confirmation hearing. She stated that when she tripped over the track when entering the Office Depot, she hit the floor with her knees, and then her stomach, and she raised her right arm to avoid hitting her face on the floor. White stated that she and her supervisor, who was on the scene, completed an incident report which her supervisor told her to bring to the emergency room. Thereafter, White went to the emergency room at Christus St. Frances Cabrini Hospital (Cabrini) where she was examined, X-rayed, prescribed medication, and given "an excuse for work." White testified that she returned to Cabrini several days later due to her pain, and she was given an excuse to remain off work for "more days." She next saw her primary care physician,

4

Dr. R. Brar,[4] who prescribed medication and gave her several more days off work. White's attorney submitted into evidence an EOB that she received from her personal health insurance plan that listed charges she received from Cabrini on May 28, 2016, and from Dr. Brar and Walmart Pharmacy on June 1, 2016. According to White, she contacted her attorney soon after the accident to determine her rights. Her attorney wrote a letter to WIS to initiate a workers' compensation claim on her behalf, and WIS forwarded to him the name of its workers' compensation insurer. White stated that she asked WIS's insurance carrier for an appointment with Dr. Gerald Leglue, Jr., a physical medicine and rehabilitation physician, whom had treated her in the past. According to White, her request was not immediately approved, so she directed her attorney to send a second request for approval to see Dr. Leglue. White's attorney then elicited testimony from her about a June 15, 2016 letter that she received from WIS telling her that it needed an excuse for why she had not returned to work. White explained that when she eventually saw Dr. Leglue, she was still having pain in her knees, shoulder, neck, and back. After she told him that her work required her to bend, stoop, squat, and reach, Dr. Leglue gave her work restrictions pending the outcome of an MRI. Her attorney then contacted the insurance company to let it know about the outcome of her visit with Dr. Leglue. In conjunction with her testimony, White's attorney offered into evidence copies of all of the aforementioned correspondence. Certified copies of Dr. Leglue's records were also entered into evidence. Those records included an "Excuse Slip" restricting White to sedentary activities. No other medical evidence was offered into

---

[4] White's primary care physician's last name is spelled "Bara" in the hearing transcript and "Brar" in the Explanation of Benefits (EOB) she received from Humana, her personal health insurance plan. We refer to him as Dr. Brar.

5

evidence at the default confirmation hearing. White testified that she has been unable to work since her accident and that her condition has worsened over time. Finally, she stated that she was paid $8.50 per hour but had received a raise of $.24 per hour the day before her accident. Copies of the checks paying White indemnity benefits from July 27, 2016 forward were submitted into evidence.

WIS does not dispute on appeal that White was its employee at the time of her May 28, 2016 accident or that she was injured in the course and scope of her employment. It contends, however, that White failed to offer proof of her entitlement to indemnity benefits between the date of her accident and July 27, 2016, the date upon which it began paying her TTDs after receiving a work restriction slip from Dr. Leglue. WIS points out that White failed to offer into the record any objective expert evidence as to her disability and her inability to work prior to July 27, 2016, and that her self-serving testimony failed to meet the standards required to prove a prima facie case under La.R.S. 23:1316.1. WIS also contends that White failed to prove her average weekly wage, as she offered no testimony as to whether she was a full or part-time employee or how many hours she worked in the four weeks preceding her accident.

At oral argument before this court, counsel for White made reference to a Form 1002 that WIS allegedly filed regarding her claim wherein it listed the date of her accident, her average weekly wage, and the amount of TTDs that it was paying her per week. White's counsel did not mention the date that WIS filed the Form 1002. We have performed a search of the record, including the exhibits introduced by White at the confirmation hearing, and have been unable to locate the Form 1002 relied upon by White. Thus, we need not determine whether such evidence would have fulfilled the requirements of La.R.S. 23:1316.1(B)(4).

6

In her appellee brief, White points out that whether an employee is disabled can be proven by medical and lay evidence. She submits that her testimony coupled with Dr. Leglue's records prove that she was entitled to TTDs beginning on the date of her accident. White argues that because WIS does not dispute that she has been disabled since July 27, 2016, the date upon which it began paying her TTDs, common sense dictates that she must have been disabled since the date of her on-the-job injury. Finally, she contends that WIS should not be allowed to benefit from its failure to respond to this lawsuit or from its failure to timely respond to her requests to see her choice of physician.

In *Davis v. Petroleum Club of Lafayette*, 01-142 (La.App. 3 Cir. 9/19/01), 795 So.2d 506, *writ granted, judgment set aside,* 01-2818 (La. 1/11/02), 806 So.2d 654, this court concluded that the workers' compensation judge did not err in admitting into evidence at the default judgment confirmation hearing the unsworn and uncertified medical records of the claimant's treating physician, which the claimant testified were in accordance with his alleged injury. In doing so, we relied upon the supreme court's recognition in *Chaisson v. Cajun Bag & Supply Co.,* 97-1225 (La. 3/4/98), 708 So.2d 375, that evidentiary standards are relaxed such that hearsay evidence may be admitted in workers' compensation cases. Thus, we rejected the employer's argument that such evidence was improperly relied upon by the workers' compensation judge, as recognized in *Nickens v. Patriot Home Systems,* 97-291 (La.App. 1 Cir. 6/29/98), 713 So.2d 1179. The supreme court granted writs in *Davis*, and citing *Nickens*, set aside the judgment and remanded the matter to the workers' compensation judge, finding that the claimant failed to present "statutorily sufficient medical evidence" as required by La.R.S. 23:1316.1. *Davis*, 806 So.2d at 654.

7

In *Nickens*, the employer appealed a default judgment rendered against it awarding the claimant, amongst other things, TTDs from the date he was injured in a work-related accident. On appeal, the first circuit noted that the claimant and his mother had testified at trial and that claimant had submitted into evidence a report from Dr. Andrew Kucharchuk dated seven days after the accident, a note from Dr. Kucharchuk dated several weeks after the accident, and a physical therapy referral dated nearly two months after the accident. The appellate court then stated:

> We note Nickens' testimony clearly established his average weekly wage, his employment with Patriot Home Systems and the fact that he was injured during the course and scope of his employment. However, we find Nickens has failed to establish he was entitled to the workers' compensation benefits. Specifically, the medical evidence presented by Nickens was not oral testimony from his treating physician, nor was it in the form of a sworn narrative report. This type of proof is in direct violation of LSA–C.C.P. art. 23:1316.1 C. Therefore, we find Nickens' testimony was not supported by competent, statutorily sufficient medical evidence.

> In *Jules v. Lege*, 618 So.2d 1121 (La.App. 5th Cir.), *writ denied*, 629 So.2d 344 (La.1993); *Peel v. Ray*, 572 So.2d 739 (La.App. 4th Cir.1990); and *Charia v. Mungoven*, 550 So.2d 939 (La.App. 5th Cir.1989), courts have held there is no entitlement to a default judgment absent strict compliance with procedural requirements. These cases involved LSA–C.C.P. art. 1701[-1704]. Although the case sub judice involves LSA–R.S. 23:1316.1, we find the holdings in favor of strict compliance with procedural requirements when confirming a default judgment are applicable.

*Nickens*, 713 So.2d at 1182. Soon after the supreme court's endorsement of the rule pronounced in *Nickens*, the second circuit made the following pronouncement, which we find particularly relevant to this matter:

> It is one thing for either side to introduce hearsay, medical records in the trial of a workers' compensation case with the opposing side present to offer other possible evidence to dispute such hearsay. It is another thing to have such hearsay evidence support a confirmation of default. At the minimum, under Section 1316.1(C), the more formalized and detailed hearsay of a sworn narrative is required to insure the existence of a *prima facie* case.

8

*Horne v. Lowe's Home Improvement*, 35,683, p. 9 (La.App. 2 Cir. 2/27/02), 810 So.2d 1235, 1239.

In the instant case, White testified as to her pain and inability to work following her May 28, 2016 accident; however, she failed to submit any medical evidence to support her claim that she was disabled and unable to work before July 27, 2016, the date Dr. Leglue restricted her from working. White testified that she went to the emergency room the day she was injured and several days later and that on both occasions she was given excuses to miss work. White also testified that she later sought treatment from her primary care physician, who also told her to remain off of work. Her attorney did not present the WCJ with any of the work excuses that White was supposedly given at Cabrini or at Dr. Brar's office. The EOB that White submitted into evidence simply shows the dates she received services at Cabrini and at Dr. Brar's office. They do not, however, contain any of the actual medical records, notes, findings, or diagnoses from the physicians who treated her at those visits. Thus, White failed to offer into evidence any "objective medical evidence" from any of the healthcare providers that treated her before July 27, 2016, to "prov[e] by clear and convincing evidence, h[er] physical inability to engage in any employment[.]" *See Jackson*, 732 So.2d at 738; La.R.S. 23:1221(1)(c). While White did submit into evidence a certified copy of Dr. Leglue's records, to the extent White argues that they can serve as proof she was disabled since her accident, we note that those records do not address White's ability to work between May 28 and July 27, 2016. Moreover, because La.R.S. 23:1204 provides that "[n]either the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation," we find no merit to White's argument that her burden of proof

9

under La.R.S. 23:1316.1 was lessened by the fact that WIS began paying her TTDs two months after her accident. As a result, we conclude White's testimony alone was not sufficient proof that she was disabled before July 27, 2016, such that she was entitled to receive indemnity benefits from WIS before that time.

In addition, while La.R.S. 23:1121 dictates that an injured employee has the right to seek treatment from a physician of his or her choice, the statute further provides that the remedy for an employer's denial of such right is to seek a hearing before a WCJ. White has offered no support for her claim that WIS's delay in approving her request to see Dr. Leglue should result in its inability to dispute the date she became disabled.

For these reasons, we conclude that White failed to establish her entitlement to workers' compensation benefits. *See* La.R.S. 23:1316.1(B)(4). Having so found, we need not address whether White proved her average weekly wage. Finally, because White failed to prove a prima facie case, the WCJ erred in confirming a default judgment in favor of White. That being said, White was likewise not entitled to an award of a penalty or attorney fees.

### *White's Answer to Appeal*

Because White was unable to successfully defend the judgment in her favor, she is not entitled to an award of additional attorney fees.

### DECREE

For the foregoing reasons, the judgment rendered by the WCJ in favor of Debra White and against Washington Inventory Service Inc. is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed against Debra White.

**REVERSED AND REMANDED.**