hKLINE, Judge.
This is an appeal by a workers’ compensation claimant following loss of benefits under La. R.S. 23:1208.1. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
In September of 2000, Eric J. Benoit allegedly injured his back while working as a derrickman, during the course and scope of his employment with Rowan Companies, Inc. (“Rowan”). In conjunction with that injury, Rowan paid indemnity benefits in the amount of $1,552.00 to Mr. Benoit and medical benefits on his behalf in the amount of $2,264.46.
On November 2, 2000, Mr. Benoit’s employer filed a disputed claim form with the Office of Workers’ Compensation (“OWC”), claiming Mr. Benoit had failed to answer truthfully during medical screening regarding his prior injuries, disabilities, or other medical conditions. Rowan sought to discontinue benefits to Mr. Benoit and requested the imposition of a $5,000.00 civil penalty in accordance with La. R.S. 23:1208.1. Mr. Benoit failed to answer or appear to contest Rowan’s claim.
On January 11, 2001, the OWC rendered a default judgment in favor of Rowan, finding that Mr. Benoit failed to answer truthfully his employer’s inquiries about his prior injuries in violation of La. R.S. 23:1208.1, ordering the forfeiture of his right to workers’ compensation benefits, and casting him for all costs of the proceeding.[2]
From this judgment, Mr. Benoit appeals, asserting Rowan failed to present a prima facie case sufficient to warrant judgment by default in accordance with La. R.S. 23:1316.1.
FORFEITURE OF WORKERS’ COMPENSATION
It is unlawful for any person, for the purpose of obtaining or defeating any ben *954 efit or payment under the provisions of Chapter 10, Title 28 of the Louisiana Revised Statutes, either for himself or for any other person, to willfully make a false statement or representation. La. R.S. 23:1208(A). An employer is further permitted to inquire of its employees about “previous injuries, disabilities, or other |,-¡medical conditions.” La. R.S. 23:1208.1. The failure of the employee to answer truthfully to such an inquiry results in the employee’s forfeiture of workers’ compensation benefits when said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury fund. Id. However, La. R.S. 23:1208.1 is not enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under La. R.S. 23:1208.1, and the notice is prominently displayed in bold faced block lettering of no less than ten point type. Id.
Further, the requirements for judgment by default are set forth in La. R.S. 23:1316.1, as follows:
A. A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. A prima facie case shall include but not be limited to proof of the following:
(1)The employee’s average weekly wage.
(2) The existence of an employer-employee relationship at the time of the work-related accident.
(3) The occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease.
(4) Entitlement to benefits under the provisions of this Chapter.
C.Medical evidence shall include oral testimony, or a sworn narrative report from all treating and all examining health care providers. All other evidence may be presented by sworn affidavit.
The appellant in this case contends the default judgment terminating his right to workers’ compensation benefits violated La. R.S. 23:1316.1 in that the medical testimony of the health care providers was not by oral testimony or in the form of a sworn narrative report. Further, appellant argues the factors set forth in Paragraph (B) of La. R.S. 23:1316.1 were not established. And finally, appellant asserts his employer failed to prove that his alleged untruthful answers affected the employer’s ability to receive reimbursement from the second injury fund.
The evidence Rowan submitted in support of its motion for default judgment included: the OWC record; the employer’s report of injury; the affidavit of a Rowan employee authenticating a “post-offer medical questionnaire” filled [4out by Mr. Benoit on December 17, 1999, which was attached thereto; the affidavit of a representative of Rowan’s workers’ compensation administrator; a certified copy of one page of medical records from Dr. Louis E. Shirley, Jr.; and certified copies of the medical records of Dr. James C. McDaniel.
The certified medical records of Dr. McDaniel contained an unsworn narrative. Based on a history by the patient, this *955 narrative relates Mr. Benoit’s September 2000 back condition to an injury while working at Rowan. Dr. McDaniel diagnosed an L5-S1 disk herniation.
The “post-offer medical questionnaire” filled out by Mr. Benoit on December 17, 1999 contained his denial of having previously had any spinal or back problems or other condition for which he had received medical treatment in the preceding five years. However, the certified hand-written office notes of Dr. Shirley reflect that on June 12, 1998 Mr. Benoit complained of “pain in lower back on both sides.” The notes further recorded “[sjpasm of both [sic] lower back” and “[l]oss of normal lumbar curve.”
The affidavit of the workers’ compensation administrator verified the amount of benefits paid to and on behalf of Mr. Be-noit and further stated that Mr. Benoit’s denial of prior injury has “affected the employer’s ability to receive reimbursement from the Second Injury Fund.”
While the evidence presented would tend to show that Mr. Benoit was untruthful to Rowan regarding the existence of a prior back injury, the medical testimony offered to establish this fact was not a sworn statement by the health care provider as required by La. R.S. 23:1316.1.[3] The unsworn report or notes of a treating physician are statutorily insufficient medical evidence to support a default judgment under La. R.S. 23:1316.1. Nickens v. Patriot Home Systems, 97-0291, p. 5 (La.App. 1st Cir.6/29/98), 713 So.2d 1179, 1182. See also Davis v. Petroleum Club of Lafayette, 2001-2818 (La.1/11/02), 806 So.2d 654; Rogers v. Custom Built Garage, 2001-0356, p. 4 (La.App. 1st Cir.3/28/02), 814 So.2d 693, 695.
| ¡Appellee contends that the legislative enactment in La. R.S. 23:1316.1 was meant for employees trying to default an employer in order to obtain benefits, not for an employer trying to preclude an employee from procuring benefits as per La. R.S. 23:1208.1. The wording of the statute does not so distinguish. The provisions of La. R.S. 23:1208.1 establish the mechanism by which any party at interest may obtain a judgment by default regarding a dispute subject to the OWC. We are not free to read out of the statute the specific requirements for obtaining a judgment by default.
Therefore, we conclude the OWC erred in granting a default judgment in this matter.[4]
CONCLUSION
For the reasons assigned herein, the judgment of the OWC ordering the forfeiture of workers’ compensation benefits of Eric J. Benoit is reversed and remanded to the OWC. All costs of this appeal are assessed to Rowan Companies, Inc.
REVERSED AND REMANDED.

. No formal ruling was made on the issue of penalties.

. Although the medical records were certified by the custodian of the records to be true and correct copies of the medical records and information contained in the physician's file, this type of certification does not satisfy the requirement that the healthcare provider himself provide oral testimony or a sworn narrative report. . ,

. Having decided the appeal on this basis, we find it unnecessary to address appellant’s remaining arguments.