J^FITZSIMMONS, J.
On May 29, 2001, the Office of Workers’ Compensation granted a default judgment in favor of Janice Harris relative to a disputed claim for workers’ compensation against American Citadel Guard, Inc. and/or Wausau Insurance Company. American Citadel Guard, Inc. and Wausau Insurance Company appealed, asserting various assignments of error.
Louisiana Revised Statute 23:1316.1 specifically provides for a confirmation of judgment by default pursuant to the following directives:
A. A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. A prima facie case shall include but not be limited to proof of the following:
(1) The employee’s average weekly wage.
(2) The existence of an employer-employee relationship at the time of the work-related accident.
(3) The occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease.
(4) Entitlement to benefits under the provisions of this Chapter.
C.Medical evidence shall include oral testimony, or a sworn narrative report from all treating and all examining health care providers. All other evidence may be presented by sworn affidavit. [Emphasis supplied.]
At the hearing to confirm the default on behalf of Mrs. Harris, the medical evidence presented in support of the confirmation of the default judgment was comprised of Mrs. Harris’ testimony and copies of hospital and medical reports by several physicians. None of the physicians testified |3at the hearing; nor was any of the documentary evidence admitted presented as a sworn narrative or affidavit. In Nickens v. Patriot Home Systems, 97-0291, pp. 4-5 (La.App. 1 Cir. 6/29/98), 713 So.2d 1179, 1182, this court held that copies of medical bills and medical reports do not constitute competent, statutorily sufficient medical evidence for a default judgment. This standard of prima facie proof has also been recently recognized by the Louisiana Supreme Court in Davis v. Petroleum Club of Lafayette, 2001-2801 (La.1/11/02), 806 So.2d 654.
Following the pursuit of the appeal, this court has subsequently received a motion to dismiss the appeal by appellants, American Citadel Guard, Inc. and Wausau Insurance Company. We thus pretermit ruling on whether Mrs. Harris has met her burden of prima facie proof that she is entitled to the claimed workers’ compensation benefits pursuant to La. R.S. 23:1316.1. The remaining issues on appeal are also mooted.
The appeal of the judgment of the Office of Workers’ Compensation is hereby dismissed. Costs associated with this appeal are assessed to Janice Harris.
JUDGMENT DISMISSED.