GARRETT, J.
|,A workers’ compénsation judge (“WCJ”) granted a default judgment finding that the claimant, Ray Atkins, contracted carpal tunnel syndrome (“CTS”) while employed at the defendant, DG Foods. Mr. Atkins was awarded indemnity and medical benefits, as well as penalties and attorney fees. DG Foods appealed. For the following reasons, we reverse the WCJ’s ruling, vacate the default judgment, and remand for further proceedings.
FACTS
Mr. Atkins became employed as a chicken deboner at DG Foods in January 2012. He ceased his employment at the end of March 2012. He filed a disputed claim for compensation on September 18, 2012, alleging injuries to his “wrist, shoulder, and hands” on February 22, 2012, and that he reported an accident and injury to DG Foods on February 24, 2012. He asserted that he was denied wage and medical benefits and an evaluation by a physician of his choice. He requested penalties and attorney fees in addition to indemnity benefits.
DG Foods did not answer the claim. The WCJ signed an order granting a preliminary default and set the matter for confirmation of default on December 10, 2012. At the hearing, Mr. Atkins appeared with counsel before the WCJ. No representative from DG Foods was present.
Mr. Atkins testified that he started work as a chicken deboner at DG Foods at the beginning of 2012. He claimed that this job required constant motion of the hands. Mr. Atkins said that his arm began to hurt on a Tuesday and the next morning he did not have any feeling in his hand. He also stated that his wrist was swollen. He claimed that he showed his arm to |2the line leader and a “lady in the office.” He was told to go to a doctor and let the company know what was going on. Mr. Atkins went to the Morehouse Community Medical Centers, Inc. (“MCMC”), in Bas-trop. He was provided an unsigned document entitled “Certificate to Return to Work/School.” The unsigned document, dated February 20, 2012, was apparently generated by a Jaequlyn Sneed, LPN. The document provided:
Ray Atkins, had an appointment with Morehouse Community Medical Centers, Inc. at our Main Clinic site on 02/20/2012 05:55 PM. Ray is able to return to work/school with the following restrictions: Please note that due to medical problems Ray is not able to work constantly with his hands. He is not able to return to work until 2/22/2012.
*533 Mr. Atkins claimed he was also sent to E.A. Conway Hospital where a physician named Dr. Belchic did a nerve test and diagnosed him with CTS. He was given a brace for his arm, medication, and was instructed to follow up with his family physician.
Mr. Atkins testified that he notified DG Foods of his diagnosis, but was told that he had not been working at the company long enough to receive workers’ compensation benefits. He stated that he did not have any money to go to a doctor and, at the time of the hearing, had been out of work for 10 months. According to Mr. Atkins, while employed at DG Foods, he made $7.25 per hour and worked 40 hours per week.
In response to questioning by the WCJ, Mr. Atkins claimed that his arm began to hurt two or three days after he began work at DG Foods. He was told by personnel at DG Foods that the soreness would go away. Mr. Atkins claimed that he experienced discomfort in both hands. He asserted |sthat his left hand was swollen and he had a knot on his right wrist. He stated that he had previously worked on a seasonal basis for six or seven years at a warehouse making bales of cotton, beginning when he was 17 years old. Later, he worked for about two years as a porter at a car dealership, washing cars. That job ended when the dealership closed in 2009. Mr. Atkins testified that he had no other employment until he began working at DG Foods.
The WCJ determined that Mr. Atkins’ counsel was unfamiliar with the provisions of La. R.S. 23:1031.1(D). Because the claimant had been working at DG Foods for less than 12 months, he was presumed not to have contracted an occupational disease in the course of and arising out of his employment. However, the statutory presumption is rebuttable. After a brief recess, the WCJ allowed the attorney the opportunity to further address Mr. Atkins on this issue.
Mr. Atkins testified that he last washed cars at the car dealership in 2009. He denied any repetitive motion in washing cars and stated that he just sprayed them off and wiped them down. Mr. Atkins said that he developed CTS as a result of the work he was doing at DG Foods. He maintained that he had not received any treatment for his wrists prior to developing the condition at DG Foods.
On December 14, 2012, the WCJ signed a default judgment in favor of Mr. Atkins which confirmed the ruling made in open court on December 10, 2012. The WCJ found that on January 20, 2012, Mr. Atkins |4suffered an injury resulting in CTS while in the course and scope of his employment with DG Foods.[1] Mr. Atkins was awarded temporary total disability (“TTD”) benefits of $290 per week from the date of the injury until he is released by his physician to return to his previous job or until DG Foods accommodates him within the restrictions provided by his physician. The WCJ found that Mr. Atkins was entitled to his choice of physician. *534 The WCJ found that DG Foods was arbitrary and capricious in failing to pay indemnity benefits to Mr. Atkins and awarded a penalty of $2,000. The WCJ also determined that DG Foods was arbitrary and capricious in failing to pay Mr. Atkins’ medical bills and in failing to authorize his choice of physician.[2] An additional penalty of $2,000 was awarded. The WCJ awarded Mr. Atkins $4,000 in attorney fees. DG Foods suspensively appealed from the judgment.
DEFAULT JUDGMENT AND OCCUPATIONAL DISEASE
DG Foods essentially argues that Mr. Atkins failed to establish a prima facie case that he contracted CTS during the course of his employment with DG Foods because he did not present any medical |aevidence to prove his claim. The company asserts that the WCJ erred in confirming the default judgment and in granting benefits, penalties, and attorney fees to Mr. Atkins. This argument has merit.
Legal Principles
La. R.S. 23:1316.1, dealing with confirmations of default in workers’ compensation proceedings, provides:
A.A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. A prima facie case shall include but not be limited to proof of the following:
(1) The employee’s average weekly wage.
(2) The existence of an employer-employee relationship at the time of the work-related accident.
(3) The occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease.
(4) Entitlement to benefits under the provisions of this Chapter.
C. Medical evidence shall include oral testimony or certified medical records from all treating and all examining health care providers. All other evidence may be presented by sworn affidavit.
A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art, 1702;[3] Nickerson v. Finance Am. of La., 47,876 (La.App.2d Cir.2/27/13), 110 So.3d 1216; Nickens v. Patriot Home Sys., 97-0291 (La.App.1st Cir.6/29/98), 713 So.2d 1179. A prima facie case is established when the claimant proves the essential allegations of the petition, with competent evidence, to the same extent as if the *535 allegations had been specifically denied. Nickerson v. Finance Am. of La., supra; Howard v. A & M Const. Co., 93-1013 (La.App.1st Cir.4/29/94), 637 So.2d 575. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at a trial on the merits. Horne v. Lowe’s Home Imp., 35,683 (La.App.2d Cir.2/27/02), 810 So.2d 1235.
A prima facie case shall include but not be limited to proof of the employee’s average weekly wage; the existence of an employer-employee relationship at the time of the work-related accident; the occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease; and entitlement to benefits under the provisions of this Chapter. La. R.S. 23:1316.1(B); Nickerson v. Finance Am. of La., supra.
17Regarding occupational diseases, La. R.S. 23:1031.1 provides in pertinent part:
A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, ... shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome[.]
D. Any occupational disease contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months’ limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months’ employment by a preponderance of evidence. [Emphasis supplied.]
Where an employee worked for an employer for less than 12 months, there is a rebuttable statutory presumption that the employment did not cause the occupational disease. That presumption can be overcome if the employee proves by a preponderance of the evidence that the disease was contracted during the employment, specifically proving that there is a disability which is related to an employment-related disease, the disease was contracted during the course of employment, and the disease is a result of the work performed. Johnson v. Johnson Controls, Inc., 38,495 (La.App.2d Cir.5/12/04), 873 So.2d 923. See Fite v. Louisiana Title Co., 36,393, 36,394 (La.App.2d Cir.10/24/03), 859 So.2d 259, writ denied, 2003-3230 (La.2/20/04), 866 So.2d 829; Ball v. Wendy’s Int’l, Inc., 36,922 (La. App.2d Cir.3/5/03), 839 So.2d 1208, writ denied, 2003-0978 (La.5/30/03), 845 So.2d 1056; Hymes v. Monroe Mack Sales, 28,-768 (La.App.2d Cir.10/30/96), 682 So.2d 871.
The causal link between an employee’s occupational disease and work-related duties must be established by a reasonable probability. The claimant will fail if there is only a possibility that the employment caused the disease, or if other causes not related to the employment are just as likely to have caused the disease. Hymes v. Monroe Mack Sales, supra; Myles v. Printpack, Inc., 35,355 (La.App.2d Cir.1/23/02), 806 So.2d 172.
 Expert testimony is required to support a finding of an occupational dis *536 ease. Fite v. Louisiana Title Co., 2002-2607 (La.6/27/08), 852 So.2d 988; Ball v. Wendy’s Int’l, Inc. supra; Myles v. Printpack, Inc., supra; Shields v. GNB Technologies, Inc., 33,911 (La.App.2d Cir.10/4/00), 768 So.2d 774; Hymes v. Monroe Mack Sales, supra. A court should not find an occupational disease solely on the basis of lay testimony. Price v. City of New Orleans, 95-1851 (La.App.4th Cir.3/27/96), 672 So.2d 1045, writ denied, 1996-1016 (La.10/25/96), 681 So.2d 360.
There is no entitlement to a default judgment absent strict compliance with procedural requirements. Where a claimant does not comply with the requirements of La. R.S. 23:1316.1 in presenting statutorily sufficient medical evidence, he is not entitled to a default judgment. See Nickens v. Patriot Home Sys., supra. See also Davis v. Petroleum Club of Lafayette, 2001-2818 (La.1/11/02), 806 So.2d 654; Morgan v. Lowe’s Home Centers, Inc., 45,699 (La.App.2d Cir.11/3/10), 54 So.3d 1114; Home v. Lowe’s Home Imp., supra; Crescent City Const., Inc. v. Camper, 2003-1727 (La.App.1st Cir.12/30/04), 898 So.2d 408; Harris v. American Citadel, 2001-1967 (La.App.1st Cir.9/27/02), 835 So.2d 640; Rowan Cos., Inc. v. Benoit, 2001-0657 (La.App.1st Cir.5/10/02), 818 So.2d 952, writ denied, 2002-1446 (La.9/13/02), 824 So.2d 1175; Rogers v. Custom Built Garage, 2001-0356 (La.App.1st Cir.3/28/02), 814 So.2d 693; Nickens v. Patriot Home Sys., supra.[4]
Discussion
To confirm his default judgment against DG "Foods, Mr. Atkins was required to show that he contracted CTS while working for DG Foods. Because he had only been employed at the company for a few weeks when he claimed he developed CTS, he was also required to rebut the presumption contained in La. R.S. 23:1031.1(D). As stated above, expert testimony is required to support a finding of an occupational disease. Statutorily sufficient medical evidence shall include oral testimony or certified medical records from all treating and all examining health care providers. La. R.S. 23:1316.1(C). The only exhibit offered into evidence by Mr. Atkins did not satisfy the requirements of La. R.S. 23:1316.1.
Mr. Atkins offered only his own self-serving testimony that he contracted CTS in the short time he was employed at DG Foods. He claimed he was treated at MCMC and diagnosed with CTS at E.A. Conway | ^Hospital by Dr. Belchic. However, Mr. Atkins failed to present any oral testimony or certified medical records from treating or examining health care providers to establish that he contracted CTS in the few weeks that he worked at DG Foods. Absent such proof, Mr. Atkins failed to make a prima facie case to support his claim. The WCJ erred in confirming the default judgment in his favor and in awarding indemnity and medical benefits, as well as penalties and attorney fees.
CONCLUSION
For the reasons stated above, we reverse and vacate the judgment of the WCJ, confirming a default judgment in *537 favor of the plaintiff, Ray Atkins, and awarding him indemnity and medical benefits, as well as penalties and attorney fees. The matter is remanded to the Office of Workers’ Compensation for further proceedings. Costs in this court are assessed to the plaintiff, Ray Atkins.
REVERSED; DEFAULT JUDGMENT VACATED; REMANDED.

. The WCJ’s judgment provides that Mr. Atkins was injured on January 20, 2012, although he claimed in his pleadings that his injury occurred on February 22, 2012. We also note that the WCJ applied the incorrect standard in evaluating the entitlement to benefits this matter. The standard is not an injury suffered in the course and scope of the employment. La. R.S. 23:1031 provides that, if an employee, not otherwise eliminated from receiving workers' compensation benefits, receives personal injury by accident arising out of and in the course of employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or person designated by the workers compensation statutes.

. We note that the WCJ again applied the incorrect standard in awarding penalties and attorney fees based upon a finding that the employer was arbitrary and capricious in failing to pay benefits. La. R.S. 23:1201(F) specifies that penalties and attorney fees may be assessed against an employer who fails to pay benefits unless the claim is reasonably controverted.

. La. C.C.P. art. 1702 was amended by 2013 La. Acts No. 78, § 1, to provide in pertinent part:
A judgment of default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to confirmation. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence!.]

. At the time many of these cases were decided, La. R.S. 23:1316.1(C) provided that medical evidence shall include oral testimony or a sworn narrative report from all treating and examining health care providers. The statute was amended by 2004 La. Acts No. 341, § 1, to substitute "or certified medical records” for "or a sworn narrative report.” However, the requirement of statutorily sufficient medical evidence remains.