Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,313-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LEE ERIC BESS                                    Plaintiff-Appellant

versus

GRAPHIC PACKAGING                                Defendant-Appellee
INTERNATIONAL, LLC

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-E
Parish of Ouachita, Louisiana
Trial Court No. 18-05971

Brenza Irving Jones
Workers' Compensation Judge

* * * * *

LEE ERIC BESS                                    In Proper Person,
                                                 Appellant

JUGE, NAPOLITANO, GUILBEAU,                      Counsel for Appellee
RULI & FRIEMAN
By: Keith E. Pittman

* * * * *

Before PITMAN, STONE, and STEPHENS, JJ.

**STEPHENS, J.**

Lee Eric Bess ("Bess") filed for workers' compensation benefits, alleging he experienced sudden pain in both hands and wrists while in the course and scope of his employment with defendant, Graphic Packaging International, LLC ("Graphic Packaging"). Bess, a *pro se* plaintiff, appeals a judgment which denied his claim for workers' compensation benefits. For the reasons expressed herein, we affirm.

## FACTS & PROCEDURAL HISTORY

Bess began working for Graphic Packaging in November 2014. Approximately four years later, in September 2018, Bess filed a claim with the Workers' Compensation Office in Monroe, Louisiana, for an injury that resulted from an alleged work-related accident occurring on December 22, 2017. Bess claimed he experienced a sudden onset of pain in both hands and wrists while in the course and scope of his employment at Graphic Packaging. As a result, Bess left work and did not return. On January 1, 2020, Bess amended his original claim, adding a complaint of an injury to his neck and shoulders that allegedly stemmed from the original, work-related accident.

In April 2020, Graphic Packaging filed a motion for summary judgment, which was granted by the workers' compensation judge ("WCJ"). On November 17, 2021, this Court reversed and found that a contradiction in one doctor's report created a genuine issue of material fact, although it was a "close case." *Bess v. Graphic Packaging Int'l, Inc.*, 54,111 (La. App. 2 Cir.

11/17/21), 331 So. 3d 490.[1] This Court remanded the matter for further proceedings.

Trial commenced on June 22, 2022. The WCJ recognized Bess for the record, and Bess indicated he did not have nor did he want an attorney. The WCJ then recounted for the record the telephone conference she had with Bess and counsel for Graphic Packaging wherein the WCJ informed Bess he would need to present evidence in support of his claims as he was proceeding without an attorney. Bess answered that he understood the evidentiary burden and had no further questions for the Court.

Before testimony began, counsel for Graphic Packaging stated he would be objecting to Bess's medical records for lack of certification. Bess alleged the records were certified, but further questioning from the WCJ revealed Bess had failed to have the records properly certified. Instead, Bess "certified" the records himself by having the documents notarized. The WCJ indicated to Bess that the documents would not be admitted into the record because the documents were not properly certified. When the WCJ questioned Bess about other evidence he had to support his contentions about an injury resulting from a work-related accident, Bess responded, "Statutes and codes."

Further discussions between the parties and the WCJ revealed Bess declined to accept three settlement offers throughout the course of the case. Similarly, three attorneys withdrew from representing Bess, which

---

[1] Graphic Packaging submitted all evidence in the summary judgment proceedings, including the uncertified medical records of Dr. Cooper, who opined that Bess had carpal tunnel syndrome ("CTS"). No objections were made to the introduction of this uncertified medical record; therefore, this Court considered Dr. Cooper's opinion to create a genuine issue of material fact and reversed the WCJ's grant of summary judgment in favor of Graphic Packaging.

ultimately led to Bess representing himself in the proceedings. Graphic Packaging offered a $25,000 settlement to Bess to "avoid trying the case" and to avoid "unnecessary judicial time and effort." Although the WCJ explained the implications of not taking the settlement, Bess rejected the $25,000 offer.

After these exchanges, Bess took the stand to testify. During his testimony, Bess contended he had CTS as a result of working for Graphic Packaging. He described that his duties as an employee consisted of lifting carts off pallets to keep the machinery running. Bess indicated the need to be "kind of quick with your hands" as well as the work being a constant cycle. He testified he had to position the cartons on his chest under his chin, which resulted in the alleged cervical spinal injury. Bess stated he sought medical attention for these injuries, and he indicated he had medical records to support his contention that the work resulted in CTS and a cervical spinal condition. Bess attempted to introduce medical records from Dr. Ellis Cooper, Dr. James Patterson, Dr. Maurice Prince, Jr., Dr. Roy Brandhurst, and Dr. Kabiul Haque. Bess also indicated he had a list of all the doctors he saw during his treatment. However, Graphic Packaging objected to each piece of evidence offered on the basis of lack of proper certification. The WCJ determined the Court could not accept the evidence presented and sustained Graphic Packaging's objections. As a result, the above documents were not admitted into the record.

On cross-examination, counsel for Graphic Packaging questioned Bess about when he began experiencing hand pain. Bess disputed the hand pain started six months after being employed at Graphic Packaging.

3

However, Graphic Packaging introduced Bess's deposition which revealed the following:

> Q: So would you have noticed hand pain starting sometime in late 2016, or would it have been during sometime in 2017?
> A: Maybe '16 and into '17, yes. Because I –
> Q: Okay.
> A: Maybe a year. ..Maybe six months after I started working there, I started working the feeder position, too.

Counsel for Graphic Packaging also questioned Bess about his alleged neck pain. Again, counsel for Graphic Packaging introduced Bess's deposition and stated for the record the following:

> Q: Before January, did your neck pain start over time, like, in 2017?
> A: Yes.
> Q: Was it early 2017?
> A: No, it was late. Mid-2017.
> Q: Like summertime 2017.
> Q: Okay. And you just started having neck pain?
> A: Yes. Sleepless nights. Not sleeping. So I never complained to my doctor.
> Q: When your neck initially started hurting, was it something you woke up one day with neck pain?
> A: Yes, pretty much.
> Q: So it was not specific trip or fall or accident at work; is that correct?
> A: No.
> Q: Your neck pain was just hurting over time?
> A: Right.

In response to the questions about his neck pain, Bess stated his neck started hurting over time beginning in 2017. Bess indicated he spoke to Dr. Stockstill about neck pain for the first time in April 2018 after he jumped a fence to escape from a dog. Bess admitted he was not working at Graphic Packaging when he jumped the fence and when he first reported neck pain to Dr. Stockstill. Bess testified he was not aware that three doctors, Dr. Bilderback, Dr. Kautz, and Dr. Stockstill, advised him that he had an arthritic condition not related to his employment and that he was capable of returning to full-duty work. Once testimony concluded, Graphic Packaging

4

entered several medical records into evidence which supported that Bess suffered from arthritis, he jumped a fence which aggravated his hand pain and neck pain, and he could return to work at Graphic Packaging.

After testimony concluded, Graphic Packaging moved for a directed verdict based on Bess's lack of medical evidence to support his claim or condition. After a short recess, the WCJ denied Bess's request for worker's compensation benefits and dismissed the case. In its reasons for judgment, the WCJ opined that a claimant asserting an occupational disease must prove by a preponderance of evidence that there is a disability which is related to an employment-related disease, that the disease was contracted during the course of employment, and that the disease is a result of work performance. The WCJ concluded the medical records revealed Bess had been diagnosed with an arthritic condition in his hands, and he failed to present any evidence indicating otherwise. No medical reports supported Bess's contention he had contracted CTS or a cervical spinal condition related to his employment. After the WCJ rendered judgment, Bess filed a motion for new trial on July 12, 2022.

On September 19, 2022, the hearing on the motion for new trial commenced. At the hearing, Bess indicated his desire to continue without representation from an attorney. Bess also attempted to reintroduce the medical records he had previously gotten certified by a notary. Bess argued the records should be introduced into evidence and considered by the WCJ because the records were now properly certified.

The WCJ questioned Bess about when he contacted the doctors, and Bess indicated he contacted some before the trial and some after the trial. Again, the court reminded Bess of the conference held prior to trial where

5

the WCJ expressed what would be required for Bess to win his case. Bess recalled the meeting, and the court then asked if Bess had any evidence, letters, or documentation showing he tried to get the records certified prior to trial. Bess stated he had no documentation showing he attempted to certify the records prior to trial. Since Bess failed to produce new evidence, the court denied Bess's motion for new trial.

Bess applied for and received pauper status, and the WCJ granted his *pro se* motion for devolutive appeal on November 7, 2022.

## DISCUSSION

This Court notes that Bess failed to submit a brief compliant with URCA 2-12.4. His brief contains no assignments of error and no references to the record or page numbers of the record. Likewise, Bess attached an exhibit which was not properly submitted into evidence at trial and, therefore, is not contained in the appellate record. In the interest of justice, this Court will read *pro se* filings indulgently and attempt to discern the thrust of the appellant's position on appeal and the relief he seeks. *Magee v. Williams*, 50,726 (La. App. 2 Cir. 6/22/16), 197 So. 3d 265. Even with the latitude extended to a *pro se* litigant in the form of liberally construed pleadings, he is required to meet his burden of proof. *Id*. at 268. In response, Graphic Packaging argues that the trial court's decision should be given deference and should not be overturned as the WCJ's decision is not manifestly erroneous.

In relevant part, La. R.S. 23:1031.1 provides:

> A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the

6

same as if said employee received personal injury by accident arising out of and in the course of his employment.

B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.

An occupational disease is one in which there is a demonstrated causal link between the particular disease or illness and the occupation. *Arrant v. Graphic Packaging Int'l, Inc.*, 13-2878 (La. 5/5/15), 169 So. 3d 296; *Johnson v. Manitowoc Co.*, 52,264 (La. App. 2 Cir. 9/26/18); 256 So. 3d 463, *writ denied*, 18-1759 (La. 1/8/19), 260 So. 3d 592. The claimant asserting an occupational disease must prove, by a preponderance of the evidence, a disability related to an employment-related disease, that it was contracted during the course of employment, and that it is the result of the work performed. *Fortner v. Guide Corp.*, 44,849 (La. App. 2 Cir. 12/16/09), 27 So. 3d 1035; *Johnson*, *supra*; *Murphy v. Graphic Packaging, Inc.*, 47,834 (La. App. 2 Cir. 4/10/13), 112 So. 3d 1040.

The causal link between an employee's occupational disease and work-related duties must be established by a reasonable probability. The claimant will fail if there is only a possibility that the employment caused the disease, or if other causes not related to the employment are just as likely to have caused the disease. *Johnson*, *supra*; *Atkins v. DG Foods*, 48,490 (La. App. 2 Cir. 9/25/13), 125 So. 3d 530; *Fortner*, *supra*.

In workers' compensation suits, strict rules of evidence and procedure are done away with, but all findings of fact must be based on competent evidence. La. R.S. 23:1317(A); *Miller v. Rayville Mfg.*, 53,573 (La. App. 2 Cir. 11/18/20), 307 So. 3d 1138. Expert testimony is required to support a finding of an occupational disease. *Johnson*, *supra*; *Atkins*, *supra*. A court should not find an occupational disease solely on the basis of lay testimony. *Id*. Live expert testimony is not required to support a finding of an occupational disease. Rather, expert testimony may be admitted by **certified medical records**, deposition, oral examination in open court proceedings, and any other manner provided by law. La. Admin. Code tit. 40, § I-6209; *Fite v. Louisiana Title Co.*, 02-2607 (La. 6/27/03), 852 So. 2d 983. (Emphasis added.)

In *Judd v. State, Dept. of Transportation and Development*, 95-1052 (La. 11/27/95), 663 So. 2d 690, 694, the Louisiana Supreme Court pointed out that, pursuant to La. R.S. 13:3714, no foundation, beyond certification, is required for the admission of certified hospital or medical records. *See also*, *Daigle v. Parish of Jefferson*, 08-1310 (La. App. 5 Cir. 12/8/09), 30 So. 3d 55, *writ denied*, 10-0044 (La. 3/26/10), 29 So. 3d 1262. La. R.S. 13:3714(A) provides:

> Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, or a copy of a bill for services rendered, medical narrative, chart, or record of any other state health care provider, as defined by R.S. 40:1299.39(A)(1) and any other health care provider as defined in R.S. 40:1299.41(A)(1), *certified or attested to by the state health care provider or the private health care provider*, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills,

medical narrative, chart, or record as witnesses under cross-examination. (Emphasis added).

Factual findings and judgments in workers' compensation cases are subject to the manifest error standard of review. *Miller*, *supra*; *Lafayette Bone & Joint Clinic v. Louisiana United Bus. SIF*, 15-2137 (La. 6/29/16), 194 So. 3d 1112. Under this standard, the reviewing court does not decide whether the WCJ was right or wrong, but only whether the WCJ's findings are reasonable. *Miller*, *supra*; *Buxton v. Iowa Police Dept.*, 09-0520 (La. 10/20/09), 23 So. 3d 275. The reviewing court is not permitted to reweigh the evidence or reach its own factual conclusions from the evidence. *Woodard v. Brookshire Grocery Co.*, 54,574 (La. App. 2 Cir. 8/10/22), 345 So. 3d 439, *writ denied*, 22-01360 (La. 11/16/22), 349 So. 3d 1001. The manifest error standard applies even when the WCJ's decision is based on written reports, records, or depositions. *Id*. at 445.

In this case, we conclude that the WCJ's findings are reasonable as Bess failed to introduce expert medical testimony in the form of properly certified medical records. Furthermore, the record clearly reveals the WCJ relayed important information to Bess about his burden of proof and the evidence he would need to prove his case at trial in light of his *pro se* status. Despite these instructions from the WCJ, Bess failed to introduce any evidence which showed he was disabled from CTS or his cervical spinal condition, he contracted CTS or his cervical spinal condition during the course of his employment, and his CTS or cervical spinal condition resulted from the work he performed at Graphic Packaging. Instead, the WCJ deduced from the depositions and medical records introduced that Bess was diagnosed with an arthritic condition in his hands. Similarly, Bess's neck

9

pain or cervical spinal condition resulted from his jumping a fence while escaping from a dog. We cannot say that the WCJ was manifestly erroneous in denying Bess's claim for workers' compensation benefits.

***Motion for New Trial***

Bess writes in his brief that he "desires to take devolutive appeal from the September 30, 2022." Bess essentially asserts that the WCJ erred in denying his claim for a new trial. However, we find that the WCJ properly denied his claim for a new trial.

La. C.C.P. art. 1972 provides:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:
> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
> (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
> (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

To justify a new trial under La. C.C.P. art. 1972, the newly discovered evidence must not only relate to the cause of the case, it must also be important enough to potentially affect the outcome. *Gilley v. Gilley Enterprises, Inc.*, 51,328 (La. App. 2 Cir. 5/2/17), 222 So. 3d 885; *Washington v. Landry's Seafood House New Orleans, Inc.*, 14-0128 (La. App. 4 Cir. 11/19/14), 154 So. 3d 677. This article requires a party seeking its benefit to demonstrate that it has done all that is reasonable to lead to timely discovery of the evidence. *Gilley*, *supra*; *McGhee v. Wallace Drennan, Inc.*, 04-0950 (La. App. 4 Cir. 4/20/05), 904 So. 2d 3.

In order to meet his or her burden of proof on a motion for new trial on the basis of newly discovered evidence, the moving party must prove

that: (1) the evidence was discovered after the trial; (2) the new evidence is not cumulative; (3) the new evidence would tend to change the result of the case; and (4) the new evidence could not have been discovered with due diligence before the trial was completed. *Gilley*, *supra*. Appellate review of the grant or denial of a motion for new trial under La. C.C.P. art. 1972 is governed by the abuse of discretion standard, which prohibits this Court from reversing the actions of a trial court unless an abuse of discretion can be demonstrated. *Id*. at 896.

At the hearing on the motion for new trial, Bess argued that his new trial motion should be granted due to his newly certified medical records. Bess indicated that he contacted some of the doctors before the trial and several after the trial to have the medical records certified. He also expressed he did not have any documentation showing that he attempted to certify the records prior to trial but was unable to obtain the records prior to trial. In response, Graphic Packaging urged there was no basis for a new trial as the evidence Bess attempted to introduce at the hearing was evidence which should have been admitted at trial.

Ultimately, the WCJ determined there was no basis to grant a new trial as the evidence Bess tried to introduce was not new evidence. Bess merely attempted to reintroduce those medical records which were not previously certified at trial. As a result, we find that the WCJ did not abuse her discretion in denying his motion for new trial as he failed to meet his burden of proof for newly discovered evidence as a means to obtain a new trial.

**CONCLUSION**

For the reasons stated above, we affirm the decision of the WCJ in favor of Graphic Packaging dismissing Bess's claims for workers' compensation benefits and denying Bess's motion for new trial. All costs are assessed to Lee Eric Bess to the extent allowed by La. C.C.P. art. 5188.

**AFFIRMED.**