# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 11-982

ROSE GUFFEY

VERSUS

ACADIANA COMPUTER SYSTEMS, INC.
AND LOUISIANA RETAILERS MUTUAL
INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 10-01977
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED AND RENDERED.**

Chris J. Roy, Jr.
A Law Corporation
1100 M.L. King Drive
P.O. Box 1592
Alexandria, Louisiana 71309-1592
(318) 487-9537
COUNSEL FOR PLAINTIFF/APPELLEE:
    Rose Guffey

**George C. Gaiennie III**
**Gaiennie Law Firm, L.L.C.**
**1920 Jackson Street**
**P.O. Box 1408**
**Alexandria, Louisiana 71309**
**(318) 767-1114**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Rose Guffey**

**Donald J. Anzelmo**
**Snellings, Breard, Sartor, Inabnett & Trascher, L.L.P.**
**1503 North 19th Street**
**P.O. Box 2055**
**Monroe, Louisiana 71207-2055**
**(318) 387-8000**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Acadiana Computer Systems, Inc., and**
    **Louisiana Retailers Mutual Insurance Company**

**GENOVESE, Judge.**

In this workers' compensation case, Defendant/Employer, Acadiana Computer Systems, Inc., and its insurer, Louisiana Retailers Mutual Insurance Company (collectively Acadiana Computer Systems), appeal the judgment of the Office of Workers' Compensation finding Plaintiff/Claimant, Rose Guffey, temporarily totally disabled, ordering reinstatement of benefits, and awarding her a $2,000.00 penalty and $5,000.00 attorney fees. Mrs. Guffey has answered the appeal, asserting that the attorney fee award is insufficient, and seeking additional attorney fees for work done on appeal. For the reasons that follow, we affirm the judgment of the OWC in its entirety, and we render an attorney fee award in favor of Mrs. Guffey for the work necessitated by the appeal.

## FACTS AND PROCEDURAL HISTORY

Mrs. Guffey injured her back in a work-related accident on March 30, 2005, during the course and scope of her employment with Acadiana Computer Systems. Mrs. Guffey underwent surgery for a herniated disk following the accident and was subsequently treated by: (1) Dr. Gerald Leglue, a physical medicine and rehabilitation physician; (2) Dr. Stephen Katz, a pain management physician; and (3) Dr. James Quillin, a psychologist (among others). Following the accident, Mrs. Guffey received temporary total disability (TTD) benefits through February 2, 2010, at which time benefits were terminated by Acadiana Computer Systems.

Mrs. Guffey filed a Disputed Claim for Compensation (1008) on February 25, 2010, asserting that she was permanently and totally disabled. Her 1008 states that "[c]laimant's physical pain, the types of medicines she takes, and her inability to function without these medicines[,] including medicines for depression[,] all make it impractical that she can work at the present time[.]" Mrs. Guffey also

sought penalties and attorney fees for the alleged arbitrary and capricious termination of TTD benefits.

Acadiana Computer Systems answered the claim admitting that Mrs. Guffey "was temporarily disabled for a period of time following the accident[;]" however, the employer denied that Mrs. Guffey "remained disabled after she was approved for employment by her treating health care providers." Acadiana Computer Systems denied her claim of permanent and total disability status and, further, contended that she was no longer entitled to TTD benefits since she "was released to return to work at a job offered to her by her employer, but which she refused."

The matter proceeded to trial on February 15, 2011, and was taken under advisement by the workers' compensation judge (WCJ). On April 27, 2011, the WCJ rendered oral reasons: (1) denying Mrs. Guffey's claim of permanent and total disability status; (2) ordering that TTD benefits be reinstated effective March 10, 2010; awarding a $2,000.00 penalty for the employer's failure to investigate the claim for reinstatement of benefits; and (3) awarding attorney fees of $5,000.00 "for defendant's arbitrary, capricious, and unreasonable conduct for not reinstating [TTD] benefits and/or not investigating the reinstatement of [TTD] benefits after termination[.]" Written judgment was signed on May 11, 2011. Acadiana Computer Systems has appealed that judgment. Mrs. Guffey has answered the appeal, asserting that the attorney fee award is insufficient and that she should be awarded additional attorney fees for work done on appeal.

## ASSIGNMENTS OF ERROR

Acadiana Computer Systems presents the following assignments of error for our review:

1.    The workers' compensation judge erred in finding that [C]laimant had sufficiently met her burden of proving that she is

2

entitled to continuing temporary total disability benefits, as defined by the Louisiana Workers' Compensation Act.

2. The workers' compensation judge erred in finding that the [D]efendant's failure to pay temporary total disability benefits was arbitrary and capricious, thus entitling [Mrs. Guffey] to recover penalties and attorney fees.

## LAW AND DISCUSSION

Acadiana Computer Systems argues that the WCJ erred in finding that Mrs. Guffey had met her burden of proving her entitlement to TTD benefits by clear and convincing evidence as required by law. It contends that through the efforts of a vocational rehabilitation consultant, Mr. Buster Fontenot, two jobs were offered to Mrs. Guffey by Acadiana Computer Systems, both of which were submitted to and approved by Dr. Leglue, Dr. Katz, and Dr. Quillin. Despite these offers of employment, "Mrs. Guffey did not appear for these jobs, did not contact the employer about them, and made no effort to determine whether she could perform these jobs." To the contrary, Mrs. Guffey argues that Acadiana Computer Systems erroneously focuses on her "condition at the time benefits were terminated the previous month and disregard[s] her condition thereafter."

> Louisiana Revised Statutes 23:1221(1)(c) establishes the criteria for awarding temporary total disability benefits. The employee must show "by clear and convincing evidence . . . that the employee is physically unable to engage in any employment or self-employment . . . ." The trial court's determination that an employee has or has not fulfilled her burden of proof under the statute requires a finding of fact "governed by the manifest error or clearly wrong standard and will not be disturbed absent such a finding." *Ratliff v. Brice Bldg. Co.*, 03-624, p. 6 (La.App. 5 Cir. 11/12/2003), 861 So.2d 613, 617. The appellate court must determine "not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Newson v. Richard Spurgeon Masonry*, 03-1367, p. 2 (La.App. 3 Cir. 3/3/04), 867 So.2d 78, 81, *writ denied*, 04-839 (La.5/14/04), 872 So.2d 523.

*Alexander v. Autozone, Inc.*, 04-871, p. 5 (La.App. 3 Cir. 12/8/04), 889 So.2d 366, 371.

3

Mrs. Guffey's injury in March of 2005 resulted in a herniated disc requiring a microdiscectomy which was performed in February of 2006. Due to continuing complaints, a repeat microdiscectomy or fusion was recommended, which Mrs. Guffey declined to undergo. Mrs. Guffey continued to be treated by Dr. Leglue, who referred her to Dr. Katz and to Dr. Anil Nanda. Mrs. Guffey testified that she was continuing to have problems with her back and with her legs through 2008 and 2009, and her treatment with Dr. Katz continued. In May of 2009, Dr. Katz referred Mrs. Guffey to Dr. Quillin who began treating her for depression. She also saw Ms. Paige Quillin for pain management through 2009. During this time, Mrs. Guffey was receiving workers' compensation benefits.

In February of 2010, the month that her benefits were terminated, Mrs. Guffey testified that she was still having issues with pain in her back and problems with her legs. She also described continued anxiety, an inability to concentrate, and depression for which she continued to see Dr. Quillin into 2010. Mrs. Guffey also returned to Dr. Leglue in March of 2010 with continuing complaints of back pain and leg problems including falls secondary to her legs giving out on her. Additionally, Mrs. Guffey was still under the care of Dr. Katz for pain management. In light of her complaints, Dr. Leglue ordered a repeat MRI in April of 2010. Dr. Leglue, at that point, felt that because of her worsening condition, Mrs. Guffey could not be helped conservatively; therefore, he recommended that she return to Dr. Nanda. A repeat myelogram ordered by Dr. Nanda was done in September of 2010, prior to her visit with him in January of 2011, and approximately three weeks before trial. At this visit, the option of a surgical fusion was discussed. Mrs. Guffey had also recently seen Dr. Quillin and had an upcoming appointment with Dr. Katz.

4

In support of its termination of benefits in February 2010, Acadiana Computer Systems relies on the vocational rehabilitation services performed by Mr. Fontenot. Specifically, it notes that Dr. Leglue, Dr. Katz, and Dr. Quillin had each approved both of the jobs which had been located by Mr. Fontenot and offered to Mrs. Guffey by Acadiana Computer Systems. Once the jobs were approved and tendered to Mrs. Guffey, she did not report to work in February of 2010.

Undisputedly, each of the physicians initially approved the jobs that were tendered to Mrs. Guffey. However, each physician subsequently changed his opinion on Mrs. Guffey's ability to return to work given her need for continued treatment, as evidenced by objective medical findings. In March of 2010, Mrs. Guffey was seeing Dr. Katz regularly for pain management. She also returned to Dr. Leglue with complaints of having fallen. Notably, Dr. Leglue felt that Mrs. Guffey should be seen again by Dr. Nanda. The repeat myelogram requested by Dr. Nanda, done in September of 2010, showed a large disc protrusion and nerve root impingement which had progressed from her prior studies. Her condition, according to Dr. Nanda, warranted a lumbar fusion.

Thus, although Mrs. Guffey was considered to have been at maximum medical improvement when the three physicians approved her return to work, her condition continued to worsen. In its oral reasons, the WCJ noted that the critical inquiry relative to her disability status was not "whether treatment is ongoing, but whether ongoing treatment is required."[1] The need for Mrs. Guffey to have ongoing treatment for her back which included a surgical recommendation, as well

---

[1] In *Stoute v. Petroleum Center*, 07-1533, p. 4 (La.App. 3 Cir. 4/2/08), 980 So.2d 818, 821, this court stated that "[t]he question for the court is not whether treatment is ongoing, but whether ongoing treatment is required."

as her continued treatment for depression, is clearly evidenced in and warranted by the medical records.

Undisputedly, the jobs presented to Dr. Leglue were initially approved by him in January of 2010, as he was of the opinion that Mrs. Guffey was not in need of further medical treatment at that time. However, his testimony was clear that when she returned to see him in March of 2010, his opinion had changed. As of March 31, 2010, Dr. Leglue felt that Mrs. Guffey's condition was such that she was not capable of performing the jobs that had been offered to her by Acadiana Computer Systems. Moreover, it was his opinion that as of that date, Mrs. Guffey was temporarily totally disabled. Similarly, Dr. Quillin testified that although he was initially hopeful that Mrs. Guffey could return to work and that he did approve the jobs presented to him, in 2010, he came to the conclusion that, in light of her continued psychological problems, she was not going to be able to perform the jobs. Additionally, Dr. Quillin is of the opinion that Mrs. Guffey is still in need of follow-up treatment. Finally, consistent with the opinion of the other two physicians, Dr. Katz's progress note of May 3, 2010, clearly states that he did "not think that it [was] appropriate for [Mrs. Guffey] to return to work[-]related activity." Dr. Katz's notes further evidence the need for continued treatment and his intention to reevaluate Mrs. Guffey and adjust medications as needed. Thus, the medical evidence irrefutably shows that all three of Mrs. Guffey's treating physicians indicated that she was unable to work.

In its oral reasons, the WCJ concluded (emphasis added) that "based upon [the] jurisprudence and [the] medical records, and the **worsening condition**, that Mrs. Guffey has demonstrated that she's entitled to continued temporary/total disability benefits, and these should be reinstated from the time that she saw Dr. Leglue in March of 2010." Having reviewed the evidence in this case, we find

that the record supports the WCJ's determination that Mrs. Guffey proved by clear and convincing evidence that she is physically unable to engage in any kind of employment. Given the evidence in the record, we conclude that the WCJ was not manifestly erroneous in finding Mrs. Guffey temporarily totally disabled and in awarding the reinstatement of TTD benefits.

In its second assignment of error, Acadiana Computer Systems asserts that the WCJ erred in awarding penalties and attorney fees for its failure to reinstate benefits. We disagree.

In rendering the award, the WCJ reasoned that Acadiana Computer Systems could not "blindly rely upon old medical records[.]" Rather, it had a duty "to continue to investigate to assess the disability status" of Mrs. Guffey. Considering the evidence discussed above relative to the worsening condition of Mrs. Guffey, the need for her continued treatment, and despite the lack of any evidence of any effort on the part of Acadiana Computer Systems to investigate further in order to dispute these findings, Acadiana Computer Systems failed to reinstate her benefits even though three physicians had opined that she was unable to return to work. An appellate court reviews a WCJ's award of penalties and attorney fees under the manifest error/clearly wrong standard. *Scott v. City of Pineville*, 08-1410 (La.App. 3 Cir. 4/1/09), 8 So.3d 81, *writ denied*, 09-981 (La. 6/19/09), 10 So.3d 742. For the foregoing reasons, we find no manifest error in the WCJ's award of penalties and attorney fees.

**Answer to Appeal**

Mrs. Guffey has answered the appeal, alleging that the attorney fee awarded by the WCJ is insufficient. She also seeks an additional attorney fee award for the work done on appeal. The WCJ awarded Mrs. Guffey $5,000.00 in attorney fees. We find no abuse of discretion in the amount of that award; therefore, we affirm

7

same.  Considering the additional work necessitated by the appeal, we award additional attorney fees of $3,500.00 in favor of Mrs. Guffey for work done on appeal.

## **DECREE**

For the reasons assigned, the judgment of the trial court in favor of Rose Guffey is affirmed in its entirety.  Additionally, we render an attorney fee award of $3,500.00 in favor of Rose Guffey and against Louisiana Retailers Mutual Insurance Company and Acadiana Computer Systems, Inc. for the work done on appeal.  Costs of this appeal are assessed to Acadiana Computer Systems, Inc. and Louisiana Retailers Mutual Insurance Company.

**AFFIRMED AND RENDERED.**